Commonwealth ex rel. Hancock, Appellant, *v.* Maroney.

134

Submitted November 10, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

No argument was made nor brief submitted for appellant.

*Damian McLaughlin,* District Attorney and *Lindley R. McClelland,* Assistant District Attorney, submitted a brief for appellee.

OPINION BY ERVIN, J., January 14, 1955:

Relator, who is confined in the Western State Penitentiary, serving a sentence for robbery, filed a petition for writ of habeas corpus in the Court of Common Pleas of Erie County on June 8, 1954. In his petition he averred that "he was ushered into a Library within the Erie Court House, locked within during the entire selection of the jury." A rule was granted and an answer was filed by the District Attorney of Erie County. On June 23, 1954, after a full hearing, at which relator was represented by counsel, the rule was

discharged. From that order relator has appealed to this Court.

There is no merit to the contention of appellant that he was locked in the "Law Library" in the Erie County Court House during the selection of the jury which was to try his case. The record clearly reveals that the room in which appellant was interviewed by his counsel is known as the Grand Jury Room and adjoins the Law Library. There are two doors in this room, one opening into the Law Library and the other opening into a corridor which connects the two wings of the Court House. The Chief County Detective testified that the door opening into the corridor could not be locked in such a manner that it would be impossible to go out from the inside. His testimony was corroborated by appellant's counsel at the trial, who testified that this door could be automatically locked from the outside but that it was possible to open the door from the inside at any time. Furthermore, appellant admitted that the door from the Grand Jury Room into the Law Library was open during the time he spent waiting for his counsel. There is thus no basis for appellant's claim that he was locked in the Law Library and thus prevented from being present at the selection of the jury in the trial of his case.

It is admitted that although his attorney was present, appellant was not present when the jury was impaneled. Counsel for the appellant at his trial testified at the hearing on the rule as follows: "A. The morning of the trial, as I can recall it, I came down to the courthouse and got Mr. Hancock out of the main courtroom which is located in the west wing of our courthouse here. I took him into what we know in Erie County as the grand jury room, and for the purpose of the record, permit me to state that the Erie County Courthouse is divided into two wings, the east

wing and west wing, on two floors connected by a corridor between them. I took him out through the corridor leading between those two wings, entered through the law library door, as I recall, which door would be about in the center of the corridor joining the two wings. I then took him into the grand jury room which is a room of approximately fifteen by twenty feet square, and interviewed him for a few moments when someone—I heard someone call me in the hall who I later learned was the tipstave, the name of whom I can't tell you, indicating I was to draw a jury. I talked to my client and told him that I was going to draw a jury and asked him would he stay there until I drew the jury, then I would be back to interview him again. Q. Did you go in and draw the jury in the case of the Commonwealth vs. Vernon Hancock? A. I did." When asked "Was there any particular reason why you didn't have Mr. Hancock present when the jury was selected?" appellant's defense counsel stated: "There was no particular reason. There was no motive one way or the other why I didn't take him with me. I just thought I could do it alone so I went into the courtroom."

It is also noted that appellant, in testifying about the discussion he had with his counsel prior to the selection of the jury, stated that his counsel brought in a list of jurors and asked him "Do you know any of these people?" and he replied: "No."

It is fundamental that a defendant charged with a felony shall be permitted to be present at every stage of the trial. *Com. ex rel. Butler v. Claudy*, 171 Pa. Superior Ct. 573, 91 A. 2d 318. However, under the law the defendant may waive his right to be present. Pertinent and applicable here is the following statement of Mr. Justice CHIDSEY in *Com. v. Diehl*, 378 Pa. 214, 107 A. 2d 543: "In capital cases the defendant's

presence is necessary at every stage of the trial, whether he is at liberty on bail or in custody. In Prine v. The Commonwealth, 18 Pa. 103, the same was stated to be true in the case of noncapital felonies. But later decisions are to the contrary when the defendant is at liberty on bail. In Lynch v. The Commonwealth, 88 Pa. 189, the defendant had been indicted and tried for larceny, a felony. While the jury was deliberating, the defendant who was out on bail, left the court room. The verdict of guilty was received and recorded while defendant was absent. Nevertheless this Court sustained the overruling by the trial court of a motion in arrest of judgment based upon this alleged error. In the recent case of Commonwealth ex rel. Milewski v. Ashe, Warden, 363 Pa. 596, 70 A. 2d 625 (1950), this Court definitely stated that where the defendant charged with a noncapital felony is at liberty on bail, his absence from the court room may be construed as a voluntary waiver of his right to be present when the verdict is rendered. *Since the announcement of the verdict is one of the most important stages of the trial, it follows that the absence of the defendant at any stage of the proceeding may be construed as a voluntary waiver of his right to be present.*" (emphasis added) See also 26 ALR 2d 762.

Where it is shown, as it is here, that in a noncapital felony case the jury was selected in the presence of competent counsel of his own choice but in the absence of the defendant who is free on bail and no possible prejudice is suggested as resulting from defendant's absence, his absence will be construed as a voluntary waiver of his right to be present.

The order of the court below is affirmed.