## Commonwealth *v.* Turner, Appellant.

Argued November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Andrew D. Regule,* Assistant Public Defender, for appellant.

*Robert F. Banks,* Assistant District Attorney, and *Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment of sentence affirmed.

174

DISSENTING OPINION BY HOFFMAN, J.:

Appellant, a resident of Ohio, was arrested and indicted on a charge of armed robbery. Subsequently, he was freed on bail. A few months later appellant's counsel was told to appear in court to select a jury. Attempts to contact appellant were unsuccessful. However, at the beginning of the afternoon court session, appellant's counsel agreed to the selection of the jury in appellant's absence. Appellant appeared for trial the next morning, but did not protest the selection of the jury in his absence.

The jury found appellant guilty as charged. From judgment of sentence this appeal followed.

The general rule is that a defendant charged with a felony has a constitutionally protected right to be present at every stage of the trial from arraignment to the rendition of the verdict. *Lewis v. United States*, 146 U.S. 370, 13 S. Ct. 136 (1892); *Commonwealth ex rel. Lockhart v. Myers*, 193 Pa. Superior Ct. 531, 540, 165 A. 2d 400 (1960).* However, in noncapital cases in Pennsylvania, it has been held that where counsel is present "the defendant's absence will be construed as a voluntary waiver of his right to be present." *Commonwealth v. Diehl*, 378 Pa. 214, 219, 107 A. 2d 543, 545 (1954); *Commonwealth ex rel. Hancock v. Maroney*, 177 Pa. Superior Ct. 133, 110 A. 2d 923 (1955). Thus a defendant who is absent for the selection of the jury is considered to have waived his right to be present.

The District Attorney has expressed his concern that to the extent the Pennsylvania cases hold that

---

* This federal right is reflected in Pennsylvania Rule of Criminal Procedure No. 1117 (adopted after this trial) which states that "[t]he defendant shall be present at the arraignment, at every stage of the trial, including the impanelling of the jury . . . . The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict."

from defendant's absence one may infer a voluntary relinquishment of his right to be present, they are inconsistent with prevailing constitutional concepts. See *Illinois v. Allen*, 397 U.S. 337, 90 S. Ct. 1057 (1970); *United States v. Crutcher*, 405 F. 2d 239 (2d Cir. 1968). In *Allen* the Supreme Court indicated that although the right to be present at every stage of the trial is not absolute, it may be suspended only under the most extreme circumstances, and reiterated that we must indulge every reasonable presumption against the loss of constitutional rights.

In *Crutcher* the defendant was also in another state while the jury was being impanelled. After disposing of the government's contention that defendant himself had knowingly and voluntarily waived his right to be present, the Court held that counsel "would not have the ability to bind [defendant] to a decision of this type without obtaining [defendant's] consent." *Crutcher, supra*, at 243. Appellant's later presence at the trial without raising an objection was held insufficient to establish waiver, since there was nothing on the record to indicate that he was advised of his rights or knowingly agreed to proceed with the jury which had been selected. Cf. *United States v. Neal*, 320 F. 2d 533 (3d Cir. 1963); *Evans v. United States*, 284 F. 2d 393 (6th Cir. 1960).

In the instant case we cannot assume that appellant knew of his right to be present when the jury was selected and acquiesced by silence in the procedure which was utilized. The District Attorney has recommended that the case be remanded "for an evidentiary hearing to determine whether Turner was absent at the jury's selection with just cause; or whether he authorized his attorney to select the jury in his absence; or whether he was informed during the three-day trial that he had a right to object to what had transpired."

I would agree with this recommendation and remand the case for an evidentiary hearing.

MONTGOMERY, J., joins in this dissenting opinion.