UNITED STATES of America, Appellee,

v.

Edward HURSE, Appellant.

No. 72-1266.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1972.

Decided April 20, 1973.

Samuel Raban, St. Louis, Mo., for appellant.

Robert B. Schneider, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and VAN PELT, Senior District Judge.*

PER CURIAM.

This case involves an appeal from a conviction, upon a jury verdict, of guilty to a charge of possession of an unregistered shotgun, in violation of 26 U.S.C. §§ 5861(d), 5871 (1970). Prior to his trial, appellant filed a motion to suppress, pertaining to a shotgun seized by the police, on the ground that the police lacked probable cause to make an entry into appellant's quarters to arrest him, the arrest having taken place without a warrant. During the suppression hearing, the police testified that a reliable informant had delivered to them heroin allegedly purchased from appellant; the informant also told them that appellant had answered the door with a shotgun. The motion was overruled. The appellant's request for the name of the informant, on the ground that his testimony was favorable to appellant, was denied. The prior appeal resulted in remand by this court.[1] The order of remand directed the district court to hold a hearing on the probable cause issue, and stated, in part: "[T]he identity of the informant should be disclosed to the court and the court should satisfy itself on the issue of probable cause for the initial entry."

Pursuant to this order, the district court conducted an evidentiary hearing *in camera* at which the informant was examined by the district judge in the absence of all persons except an official court reporter, who reported the informant's testimony and thereafter transcribed the same. The testimony of the informant was sealed and transmitted to this court.

The informant testified at the *in camera* hearing that he did not enter the building where appellant was residing, that he did not purchase narcotics that evening from appellant, and that he had had no contact with the police involved in the raid after the time they sent him to appellant's home.

In order to resolve the conflict in testimony between the informant and the officers, a further proceeding, which in effect was a supplemental suppression hearing, was held by the court for the purpose of examining the police officers who were present at the scene of the arrest and seizure. At this hearing the attorneys for appellant were present and were afforded the opportunity to, and they did in fact, examine and cross-examine the five police officers who testified.

The appellant, however, was not personally present at this hearing. A colloquy between the judge and appellant's attorneys led the court to believe that counsel for the appellant were not "raising the issue of the defendant not being present . . . ." After the hearing the district court filed a memorandum and supplemental findings in which the court concluded, "that the police officers had probable cause to believe that a felony [sale of narcotics] had just been committed and had probable cause to make the initial entry to the premises . . . for the purpose of demanding admission to defendant's apartment . . . in order to arrest him." The findings were certified to this court for action in accordance with its opinion.

---

* Senior District Judge for the District of Nebraska sitting by designation.

1. United States v. Hurse, 453 F.2d 128 (8th Cir. 1971).

 In his second appeal, appellant argued, among other things, that the district court committed prejudicial error in holding the supplemental evidentiary hearing and taking the testimony of the police officers in his absence. This court concluded that "this supplemental suppression hearing was a critical stage of the proceedings and that the defendant was entitled to be personally present" and entered an "Order of Remand For Limited Purpose". The purpose of the order was to provide an evidentiary hearing, at which appellant would be present, and for a certification of findings and conclusions by the district court to this court.

In accordance with this order, the district court conducted another evidentiary hearing of the police officers in the presence of appellant and his counsel. The court examined seven police officers who had participated in the seizure and arrest [including one person, Glen Vaughn, who was no longer with the police force]. Each person testifying was excluded from the courtroom prior to testimony. Although in each case the testimony exhibited minor, non-material variations from the prior testimony, the testimony of each at the hearing was consistent with their past statements.[2]

The district court filed a written memorandum and supplemental findings. In it he made express findings that the police officers gave marked money to the informant, who entered the building in which appellant's apartment was located and later returned with five clear gelatin capsules containing heroin. The court also found that the informant stated that he had purchased heroin from appellant and that appellant was armed. The court then held:

"Upon the whole record, including the *in camera* proceedings and the supplemental proceedings, the court finds and concludes that the police officers had probable cause to believe that a felony had just been committed and had probable cause to make the initial entry to the premises . . . for the purpose of demanding admission to defendant's Apartment . . . . in order to arrest him."

An attempt was made to impeach the testimony of one police officer. The trial judge specifically stated that he believed the testimony of that officer and that the attempted impeachment had failed. The findings and conclusions were then certified to this court.

Appellant has filed an additional brief raising the same general issue previously presented as to probable cause and in addition claims he did not have a fair and impartial trial because of the trial court's action "calling and examining its own witnesses and cross-examining the defendant's witnesses."

 In considering these findings and conclusions of the court below, we recognize that the district court has the discretion to weigh the credibility of the witnesses and to determine from the evidence on the record as a whole whether these officers had probable cause to make the initial entry and subsequent arrest. Miller v. United States, 354 F. 2d 801 (8th Cir. 1966). As we stated in United States v. Shoemaker, 429 F.2d 530, 531 (8th Cir. 1970), "issues of credibility must be resolved by triers of fact and not by this court."

 We hold that the district court's findings are supported by substantial evidence, and that the court correctly denied the motion to suppress. There was more than ample evidence from which the court could and did make findings that the events took place in the manner testified to at the original suppression hearing. In addition, the court carefully

---

2. At this hearing the defense called a St. Louis Police Department Criminologist and the Records Clerk Supervisor of the St. Louis Police Department. The Criminologist's testimony, where pertinent, is supportive of the findings of the District Court. The Supervisor was called for the purpose of introducing into evidence the police report of the seizure and arrest.

**34**

considered the inconsistencies and variations in the testimony of the officers before making its findings. The findings made by the court support its holding that the police officers had probable cause to believe that a crime had been committed. *Cf.* Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969).

■ We find nothing improper in the trial judge's examination of witnesses. *Cf.* Miller v. United States, *supra.* He was under explicit directions from this court and it was only natural that he endeavored to procure a complete record in which all relevant facts were disclosed. We are appreciative of his meticulous findings.

We have examined the other issues raised by appellant and find them to be insubstantial. The judgment of conviction is affirmed.