375 A.2d 161

**COMMONWEALTH of Pennsylvania**

v.

**Bernard GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

---

Stephen C. Hurvitz, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from Judgments of Sentence imposed following jury verdicts of guilty of the offenses of aggravated assault, carrying firearms on public streets, possession of instruments of crime, and criminal conspiracy.[1] These

1. Respectively, violations of the "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. §§ 2702, 6108, 907, 903.

charges arose from an occurrence wherein one Frank Murphy was accosted by appellant and others, and a fight ensued. The men separated, whereupon Murphy began to run up the street pursued by appellant, who was carrying a sawed-off shot gun. Appellant shot at Murphy several times, striking him once in the left arm, which caused injury sufficient to warrant an operation and 3½ week hospitalization.

Trial began March 1, 1976, during the morning session of which, with appellant present, the jury was selected. Having reconvened for the afternoon, the lower court found that appellant had not returned from lunch. A bench warrant was immediately issued, and an additional warrant was issued the next day. The appellant was not apprehended and did not heed his counsel's entreaty to give himself up. On March 3, 1976, appellant's absence continuing, trial continued with the presentation of testimony. It is this proceeding with trial which appellant now raises as error. Our Supreme Court in *Commonwealth v. Diehl*, 378 Pa. 214, 107 A.2d 543 (1954), pointed out that in non-capital cases, where the defendant is out on bail and refuses to be present at a portion of his trial, this absence may be construed as a voluntary waiver of the right to be present, with no error resulting if trial continues. The principle was made into a rule in 1968 with the adoption of *Pa.R.Crim.P.* 1117(a): "The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict." We reiterated the law in *Commonwealth v. Felton*, 224 Pa.Super. 398, 307 A.2d 51 (1973), and concluded, as we do now, that a defendant may, in a non-capital case, voluntarily waive his right to be present at his trial if he is present at the beginning of trial, thereby knows of its commencement and subsequently absents himself from the trial. See also *Commonwealth v. Ashe*, 363 Pa. 596, 70 A.2d 625 (1950). Rule 1117 specifically includes "the impanelling of the jury and the return of the verdict" as stages of the trial. Unless trial has commenced earlier, it commences at least when impanelling of the jury has begun. There was no error in

the instant case for the lower court to have continued with trial, through and including the verdict, in appellant's absence, because he voluntarily absented himself, and continued in that stance.

■ Of course the jury knew that appellant had fled. In his charge to the jury, lower court Judge ANDERSON referred to "such flight or concealment [as] a circumstance tending to prove that the person is conscience (sic) of guilt." (Quoting from trial notes of testimony.) The court further and carefully pointed out that this is not an ironclad circumstance and that in this case flight may have been for another reason, but that appellant's action tends to prove guilt depending upon motives and other facts. We held in *Commonwealth v. Liebowitz*, 143 Pa.Super. 75, 17 A.2d 719 (1940), that evidence of flight from trial is admissible to infer consciousness of guilt. Similarly comment upon the absence in the instruction to jury is not error.

■ Appellant's third assignment of error is without merit. During his counsel's opening statement, the court at sidebar forbade counsel from offering to the jury his interpretations of the law, particularly that of the precept of proof beyond a reasonable doubt. Counsel was informed that he should limit himself to what he expected to prove in defense of his client, and to withhold his discussion of the law until his closing argument. The Courts of the Commonwealth have dealt at length with the content of the prosecution's opening statement, and how it should be factual averments and inferences therefrom as to what is intended to be proved. See, e. g., *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976), *Commonwealth v. Martin*, 461 Pa. 289, 336 A.2d 290 (1975), and cases cited therein. We here hold that it was not error for the lower court, in its discretionary handling of the conduct of the trial, to have limited the defense to the same standard, permitting appropriate comment on applicable law during closing only.

■ Lastly appellant argues that the Commonwealth failed to prove the criminal conspiracy charge. We disagree

based upon the testimony of the victim, who related that appellant was accompanied by three others when the fight ensued, and that appellant was handed the shotgun by one of those in his company. Proof was properly developed by circumstantial evidence. See *Commonwealth v. Yobbagy*, 410 Pa. 172, 188 A.2d 750 (1963) and *Commonwealth v. Minnich*, 236 Pa.Super. 285, 344 A.2d 525 (1975).

Affirmed.