437 A.2d 440

COMMONWEALTH of Pennsylvania

v.

George Steve McLAURIN, a/k/a Steven George McLaurin, a/k/a Steve Lyons, a/k/a Steve McQueen, Appellant.

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed Nov. 20, 1981.

Gary V. Skiba, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

POPOVICH, Judge:

After appellant's Motion to Suppress was denied, a jury found him guilty of Robbery (18 Pa.C.S.A. § 3701) and Conspiracy (18 Pa.C.S.A. § 903). Thereafter, a Motion for a New Trial and/or in Arrest of Judgment was denied, and appellant was sentenced to a term of ten to twenty years imprisonment for Robbery and two-and-a-half to five years for Conspiracy. This appeal followed.

The appellant does not raise the question of the sufficiency of the evidence or complain of the sentence imposed, but contends, *inter alia*,[1] that counsel was ineffective for permitting the suppression hearing to be held in appellant's absence. We agree and, accordingly, remand for proceedings consistent with this Opinion.

On the date scheduled for the suppression hearing, the Commonwealth's attorney informed the court that "the eye witness [sic] [was] not present in the Courtroom. He [was] apparently out of town." (SH 3) Appellant's counsel objected to proceeding without such witness. In light of the fact that such witness' on-the-scene identification prompted appellant's arrest, counsel considered such person "an essential witness to the suppression." *Id.* To placate counsel, the court offered him the option either to continue the hearing to a later time or take the testimony of those witnesses who were present, and, at the completion of same, make his motion for a continuance. Counsel agreed to the latter, but, at the termination of the hearing, he never renewed his request for a continuance.

1. The other issues raised by the appellant, i. e., the lack of probable cause to justify his arrest and the suggestiveness of the on-the-scene identification, need not be reviewed, given the result reached on the suppression claim.

At the suppression, the victim did not appear. As a result, the facts elicited were from the only three witnesses (Sgt. James Mack, Officers Frank Bugaj and Donald Metzgar) who testified, *viz.*:

At approximately 1:20 A.M. on November 23, 1979, Andrew Yurasko was robbed of his wallet and watch by two black males as he left the Polish National Alliance (PNA) Club, located at 21st and Ash Streets in Erie, Pennsylvania. Sgt. Mack, of the Erie Police, received a radio call of the robbery and arrived on the scene within a matter of minutes. Mr. Macey, an eyewitness to the incident, approached the Sgt. and informed him that he (Macey) had observed two blacks running from the PNA parking lot and enter a 1969 or 1970 brown Buick, heading east on 21st Street. Mr. Macey told the Sgt. that the driver was wearing a light tan jacket and light tan hat, while the passenger was described as wearing a dark black hat and a dark jacket. Sgt. Mack relayed the information via radio within a minute of receiving it; within a matter of two or three minutes, Officers Metzgar and Washburn spotted the brown Buick and apprehended the two blacks therein. The stop occurred at 18th and Thompson, a site about twelve blocks from the PNA Club. The eyewitness was taken to the location and once there, with the suspects standing alongside their vehicle and the police "[r]ight with them," he identified the vehicle and the driver, Anthony Paul, but "[h]e didn't identify [the appellant]."[2]  (SH 22)  The two were then formally arrested.

Immediately after the taking of testimony, the following revealing remarks were made:

**2.**  This is contra the suppression court's determination, in its "FINDINGS OF FACT," that the eyewitness "identified the *occupants* [of the vehicle] as those being the ones at 21st and Ash Streets." (Record No. 6, Point 5)  Consequently, the court's holding, in its "CONCLUSIONS OF LAW," that "the identification of the *two defendants*" occurred at the on-the-scene identification is rather tenuous. (Record No. 6, at 2); *see also Commonwealth v. Webb*, 491 Pa. 329, 421 A.2d 161 (1980).

"[COMMONWEALTH'S ATTORNEY]: Your Honor, I would like the record to show the Defendant's [sic] are not present and they waived the presence of the hearing. [APPELLANT'S ATTORNEY]: We probably should have asked them if he [sic] wanted to be here. I would waive it for them but I certainly can't waive their rights.[3] They might—I will put this on the record, there is no information that my client could have given me that could have been pertinent at this point.

[COMMONWEALTH'S ATTORNEY]: That's all we have, your Honor." [4]

(SH 40–41)

Initially, the Court notes that its perusal of the record failed to produce *any evidence* to substantiate the Commonwealth's assertion that appellant "waived" his right to be at the hearing.[5] As for appellant's contention, when distilled, that suppression counsel was ineffective for permitting the hearing to be conducted in his absence,[6] we observe that this exact issue has yet to be ruled upon in this jurisdiction by an appellate court.

■ The general rule on this question before the Court is that a defendant charged with a felony has a constitutionally protected right to be present at every stage of a trial, i. e., from the arraignment to the rendition of the verdict. *See*

---

**3.** *See generally Commonwealth v. Daniels,* 288 Pa.Super. 69, 75, 431 A.2d 291, 295 (1981) (POPOVICH, J., Dissenting Opinion); *Commonwealth v. Laudenslager,* 259 Pa.Super. 118, 122–126, 393 A.2d 745, 747–749 (1978) (HOFFMAN, J., Dissenting Opinion, joined in part by JACOBS and SPAETH, JJ.); *but see Wilcox v. United States,* 425 F.Supp. 895 (D.Conn.1975); *State v. Sanders,* 539 S.W.2d 458 (Mo. Ct.App. 1976); *State v. Williams,* 19 Ohio App.2d 234, 250 N.E.2d 907 (1969).

**4.** It is to be noted that the court-appointed attorney for appellant's co-defendant, Anthony Paul, remained silent on this subject.

**5.** This also holds true for appellant's co-defendant.

**6.** Procedurally, we observe that the issue raised is cognizable on appeal, inasmuch as this is the first occasion that appellant has been represented by counsel other than whose stewardship is being challenged. *Commonwealth v. Tolbert,* 246 Pa.Super. 23, 25 n.4, 369 A.2d 791, 792 n.4 (1977); *Commonwealth v. Graves, infra.*

*Lewis v. United States,*146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892) ("A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner.") *Brinlee v. Crisp,* 608 F.2d 839, 848 (10th Cir. 1979), *cert. denied,* 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980); *see also Commonwealth v. Hoss,* 445 Pa. 98, 114, 283 A.2d 58, 67 (1971); *Commonwealth ex rel. Lockhart v. Myers,* 193 Pa.Super. 531, 540, 165 A.2d 400, 405 (1960), *cert. denied,* 368 U.S. 860, 82 S.Ct. 102, 7 L.Ed.2d 57 (1961); 10A P.L.E. Criminal Law §§ 502 and 503 (1970). However, such right can be relinquished, e. g., it can be waived by one's words or actions. *See Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970); *Badger v. Cardwell,* 587 F.2d 968 (9th Cir. 1978); *Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976); *see generally Commonwealth v. Diehl,* 378 Pa. 214, 219, 107 A.2d 543, 545 (1954); *Commonwealth ex rel. Hancock v. Maroney,* 177 Pa.Super. 133, 110 A.2d 923 (1955). In Pennsylvania, such right is reflected in Pa.R.Crim.P. 1117, which provides in pertinent part: "[t]he defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence . . . ." Instantly, appellant's counsel's statement at the suppression hearing that he was *not waiving* the appellant's right to be present, negates any inference that appellant's absence was a voluntary, knowing and intelligent one. *See Diaz v. United States,* 223 U.S. 442, 453–459, 32 S.Ct. 250, 253–255, 56 L.Ed. 500 (1912); *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *see also Commonwealth v. Graham,* 248 Pa.Super. 406, 375 A.2d 161 (1977); *Commonwealth v. Graves,* 238 Pa.Super. 452, 356 A.2d 813 (1976); *Commonwealth v. Doctor,* 228 Pa.Super. 304, 323 A.2d 790 (1974); *Commonwealth v. Felton,* 224 Pa.Super. 398, 307 A.2d 51 (1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974); Pa.R.Crim.P. 1117(a) (". . . The defendant's absence without cause shall not preclude proceeding with the trial . . . ."). As a result, a need to remand for an evidentiary hearing to determine whether

appellant's absence was volitional is obviated. *See generally Commonwealth v. Turner*, 218 Pa.Super. 173, 275 A.2d 694 (1971) (HOFFMAN, J., dissenting and MONTGOMERY, J. joins); *cf. Commonwealth ex rel. Butler v. Claudy*, 171 Pa.Super. 573, 91 A.2d 318 (1952) (in a trial involving a non-capital felony, the proceeding is presumed regular and lawful until the contrary appears).

It is widely recognized that a defendant's presence during all stages of the trial does not extend to purely procedural matters preparatory to the trial, particularly where no prejudice has been shown. *See, e. g., United States v. Alessandrello*, 637 F.2d 131, 138 n. 11 (3d Cir. 1980) (Fed.R.Crim.P. 43, codified existing law concerning a defendant's constitutional and common law rights to be present throughout trial, subject to harmless error doctrine); *Commonwealth ex rel. Lockhart v. Myers, supra; see also Commonwealth v. Rush*, 493 Pa. 358, 426 A.2d 588 (1981); Anno., 85 A.L.R.2d 1111. Additionally, courts generally hold that defendant's presence is required when testimony of witnesses is received, but under certain circumstances when matters of law are being argued before the court, such as preliminary pre-trial motions which do not affect *substantial* rights of the defendant, defendant's attendance is not required. 21A Am.Jur.2d, Criminal Law, § 911 (1981); 23 C.J.S. Criminal Law, § 974, pp. 895–897 (1961); *see Commonwealth ex rel. Linde v. Maroney*, 416 Pa. 331, 206 A.2d 288 (1965) (coroner's inquest not an adversary proceeding; appellant suffered no prejudice because he did not have an opportunity to be present).

Consistent with the preceding, the Supreme Court of the United States found, in *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), that a defendant's presence was not required during a view of the scene of the crime. In arriving at this conclusion, the Court in *Snyder* formulated a standard by which the necessity of a defendant's appearance at a particular stage of his trial may be determined. That is, a defendant needs to be present where, "[i]t bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend." *Id.* at

106, 54 S.Ct. at 332, cited with approval in *Commonwealth v. Carter*, 219 Pa.Super. 280, 281 A.2d 75 (1971). The *Snyder* Court went on to state: "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* at 107–108, 54 S.Ct. at 333.

■ In applying the rationale of *Snyder* to the case at bar, we conclude that appellant was denied due process of law by his counsel's failure to inform him to appear at the suppression hearing, where witnesses' testimony regarding his identification as a participant in a crime would be given. This was testimony which tended to show that the appellant had done the acts for which he was being tried, and, therefore, a critical stage in the adjudicatory process for the accused. *See United States v. Hurse*, 477 F.2d 31, 33 (8th Cir. 1973), *cert. denied*, 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146 (1973). Furthermore, given the *failure* of the eyewitness to make an on-the-scene identification of the appellant, it is conceivable that the appellant's presence at such a hearing could have resulted in his giving counsel information that could have led to the exclusion of such damaging (identification) evidence from the consideration of the trier of fact,[7] even though counsel stated otherwise at the hearing. Thus, his presence does bear a reasonably substantial relation to defend in these situations, especially when you consider that

7. Appellant states in his brief to this Court that if he had appeared at the hearing, he would have testified to the suggestive nature of the on-the-scene identification. (Appellant's Brief at 27) At trial, appellant "did not testify at all because of his counsel's reasonable apprehension that evidence of his prior conviction would [have] weigh[ed] more heavily with the jury than any testimony he would [have] give[n]." *Id.* at 26–27. Also, it should be mentioned that the eyewitness did indicate in his testimony at trial that he *could not identify* the appellant by his physical characteristics, but felt appellant was a participant in the crime because of the vehicle he was standing next to when the police were detaining him, and the clothing he was wearing. However, the maroon slacks the witness described as being worn by one of the assailants did not match what the appellant was wearing (orange) on the evening of his arrest. As for the victim, on the issue of identification, all he could recall at trial was that his assailants were black. (N.T. 3/12/80, at 12, 21 & 23)

the Commonwealth produced witnesses to oppose the Motion to Suppress and the appellant states he would have testified. (Appellant's Brief at 27); *see supra* note 7; *cf. Commonwealth v. Hoss, supra* (appellant's absence from change of venue hearing was harmless error because: the denial of the change of venue was clearly proper; there was no indication that the defendant desired to testify at the hearing; and, furthermore, appellant was in no way deprived of his right to confront witnesses against him because the Commonwealth did not present any witnesses in opposing the motion). Moreover, we find support for our position in the case of *People v. Anderson*, 16 N.Y.2d 282, 266 N.Y.S.2d 110, 213 N.E.2d 445 (1965). There it was held that a hearing conducted on a motion to suppress evidence, in which testimony of a witness was received during defendant's unexplained absence from the courtroom, deprived him of due process of law in denying him an opportunity to be present. The *Anderson* court, in finding that a hearing at which testimony is taken relative to evidence to be later used at trial is in reality a part of the "trial," held:

"There is no justification for distinguishing between the defendant's right to 'be present' in connection with testimony elicited at a trial on the propriety of a search and seizure and this same right in connection with testimony taken at a suppression hearing. 'The statute's purposes are two: to prevent the ancient evil of secret trials . . . and to guarantee the defendant's right to be present at all important stages of his trial.' . . . The significance of the suppression hearing is such that the rationale for requiring the defendant's presence at the trial applies with equal force to require his presence at the suppression hearing. '[A] denial of a motion to suppress evidence is a crucial step in a criminal prosecution: it may often spell the difference between conviction or acquittal' . . . The distinctions suggested by respondent, between the actual trial and the hearing required by the new statute, ignore the reasons underlying the enforcement of the right to be present whenever testimony is to be taken relating to evidence which is to be used against a defendant. In fact

such distinctions lack support in the principles of practice and are equally lacking in reality or logic. The right of the accused to be present as a procedural safeguard at the trial is absolute. Expediency may not dictate procedural changes so as to take from a defendant the right to be present at the taking of testimony, even at a pretrial suppression hearing. At such a hearing the facts of the search and seizure are established for the purposes of the trial and the ruling of the hearing Judge is determinative of the issue of the legality of the search. For this reason the right of a defendant to be present at this hearing is collateral and analogous to his right to be present at the trial. It is hardly necessary to add that the defendant alone may be able to inform his attorney of inconsistencies, errors and falsities in the testimony of the officers or other witnesses. In such a circumstance to hold that his presence is not essential is to deprive him of the opportunity to defend—a denial of the due process—since the determination of the motion to suppress often determines the ultimate question of guilt." 266 N.Y.S.2d at 112–114, 213 N.E.2d at 447–448.

*Accord State v. Howard,* 57 Ohio App.2d 1, 385 N.E.2d 308 (1978); *Redman v. State,* 26 Md.App. 241, 337 A.2d 441 (1975) (MOYLAN, J.); *People v. Restifo,* 47 A.D.2d 792, 366 N.Y.S.2d 66, 67 (1975).

We find the language in *Anderson* persuasive. Consequently, we hold that counsel's decision to conduct a suppression hearing in the absence of his client did not have any basis in reasonable trial strategy. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *cf. Commonwealth v. Tolbert, supra* (counsel's decision to select two jurors without the presence of his client cannot have had any basis in reasonable trial strategy); *Commonwealth v. Graves, supra* (semble).

The right of the defendant to be present from the time of arraignment, which encompasses the pre-trial phase of the case, is protected by Pa.R.Crim.P. 1117(a). *See Commonwealth v. Hoss, supra.* The right is absolute unless the

defendant is absent without cause, *see United States v. Pastor*, 557 F.2d 930 (2d Cir. 1977); instantly, there was cause since court-appointed counsel neglected to inform his client to be in court the date set for the hearing. *See Commonwealth v. Graves, supra.* Thus, since " '[A] denial of a motion to suppress evidence is a crucial step in a criminal prosecution: it may often spell the difference between conviction or acquittal[,]' " *People v. Anderson, supra*, 16 N.Y.2d at 287, 266 N.Y.S.2d 113, 213 N.E.2d at 447; *United States v. Hurse, supra*, counsel's failure to make appellant *aware* of the suppression hearing and the need for his attendance requires a remand to the court below for a suppression hearing with the appellant and his counsel present. *See United States v. Hurse*, 453 F.2d 128 (8th Cir. 1972). If the motion to suppress is denied the appellant will have the right to appeal the Judgment of Sentence, otherwise it will be vacated.

Case remanded for proceedings consistent with this Opinion, with jurisdiction over the case relinquished by this Court.