437 A.2d 445

**COMMONWEALTH of Pennsylvania**

**v.**

**Anthony PAUL, Appellant.**

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed Nov. 20, 1981.

402

Carmela Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

POPOVICH, Judge:

The appellant, Anthony Paul, was convicted in a jury trial of robbery and conspiracy. He appeals from the Judgments of Sentence, which consist of ten (10) to twenty (20) years for the former offense and two and one-half (2½) to five (5) years, to be served concurrently, on the latter crime.

■ This case is the companion of *Commonwealth v. McLaurin,* 292 Pa.Super. 392, 437 A.2d 440, wherein we held that court-appointed counsel was ineffective for permitting the suppression hearing to be conducted in McLaurin's absence. Factually, in *McLaurin,* counsel acknowledged on the record that he never asked his client to be in attendance at the hearing; this negated any inference that the accused "waived" his right to be present. Instantly, however, we cannot ascertain from the record whether appellant's absence from the suppression hearing was a voluntary one, *see Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1936), since his counsel failed to respond to the Commonwealth's attorney's remark at the close of the proceeding that appellant was not present and that he had "waived" his right to be there. (S.T. 3/3/80, at 40–41); *see also Commonwealth v. McLaurin, supra,* 292 Pa.Super. at 395 n. 4, 437 A.2d at 440 n. 4 (Slip Opinion at 4, n. 4). Thus, we remand for an evidentiary hearing on this issue.[1] *See, e. g., Commonwealth v. Cooke,* 288 Pa.Super. 205, 431 A.2d 360 (1981); *Commonwealth v. Turner,* 218 Pa.Super. 173, 275 A.2d 694 (1971) (HOFFMAN, J., dissenting and MONTGOMERY, J., joined). If, at the hearing, the lower court finds that appellant's absence was consensual, appellant will have the opportunity to appeal from such ruling, and raise any issue at such time that is cognizable. However, if it is determined that appellant did not appear because he was never informed of his right to do so, the appellant shall be afforded a new suppression hearing, and a new trial if needed. *See Commonwealth v. McLaurin, supra.*

Case remanded for proceedings consistent with this Opinion, with jurisdiction over the case relinquished by this Court.

1. Because appellant is represented on appeal by counsel from the same public defender's office which represented him throughout the proceedings below, he has the option to retain said counsel. Before doing so, however, he would have to be advised of the dangers and possible disadvantages of proceeding with an attorney associated with counsel he asserts is ineffective. *See Commonwealth v. Cooke,* 205 Pa.Super. 288, 431 A.2d 360 (1981).