653 P.2d 27

The STATE of Arizona, Appellee,

v.

**William B. AYERS, Appellant.**

No. 2 CA–CR 2480.

Court of Appeals of Arizona, Division 2.

June 25, 1982.

Rehearing Denied Sept. 24, 1982.

Review Denied Oct. 13, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Georgia B. Ellexson, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

The appellant was convicted of third-degree burglary, a class 5 felony, A.R.S. § 13–506, and was sentenced to three years probation. He asks us to reverse his conviction because the trial jury was selected in his absence.

The trial of this case was set for July 30, 1981. On July 29, 1981, the appellant's trial counsel contacted the prosecutor and requested the state's consent to a continuance until August 18, 1981. Finding that the state would not oppose the continuance, and seemingly unaware that any continuance had to be ordered by the court, *See* Rule 8.5(a) and (b), Arizona Rules of Criminal Procedure, 17 A.R.S., defense counsel informed the appellant that the case was being continued. The appellant was therefore absent when counsel for both parties appeared before the court on July 30. Defense counsel explained the reasons for his client's absence and orally requested a continuance. The "motion"[1] was denied. After agreeing to advise the venire of the reasons for the appellant's absence, the court proceeded with selection of the jury. Trial commenced with opening statements on the following day, with the appellant present.

■ The right of the accused to be present at trial includes the right to be present during selection of the jury. *State v. Tudgay,* 128 Ariz. 1, 623 P.2d 360 (1981). The state has therefore conceded that it was error to select the jury in the appellant's absence, but contends that the error was harmless because there is no indication that the jury obtained was not fair and impartial.

■ The right to be present is one of the most basic rights of the criminal defendant, *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), and must therefore be zealously guarded. Minor violations of that right have occasionally been held to be harmless error. *See State v. Lawrence,* 123 Ariz. 301, 599 P.2d 754 (1979). Courts of numerous states have held that the defendant's absence from portions of the jury selection process does not require reversal. *See generally,* Annot. "Impaneling or selecting of jury in accused's absence," 26 A.L.R.2d 762 § 4 (1952). A review of the cases collected in that annotation reveals, however, only one case in which a conviction was sustained and in which the defendant was apparently absent from the entire selection process. That case, *Commonwealth v. Bova,* 180 Pa.Super. 359, 119 A.2d 866 (1956) gives scant attention to the question and cites as its only authority a case that actually rested upon a finding that the accused had waived his right to be present, *Commonwealth ex rel. Hancock v. Maroney,* 177 Pa.Super. 133, 110 A.2d 923 (1955).

It is evident that harmless error has generally been found only where the accused's absence has been from some minor portion of the selection process. Although we empathize with the trial court's frustration at having its calendar rearranged by the unauthorized acts of counsel, we cannot sanction a total denial of the appellant's right to be present at this critical stage of the proceeding.

The conviction is reversed.

HOWARD, C.J., and HATHAWAY, J., concur.

---

**1.** "Form of Motion. A continuance within the time limits of Rule 8.2(b) and (d) may be granted only upon written motion, stating with specificity the reasons justifying it, and a certificate of the signer that it is made in good faith." Rule 8.5(a), Arizona Rules of Criminal Procedure, 17 A.R.S.