J-S02023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDREW TIRADO | : | |
| | : | |
| Appellant | : | No. 2745 EDA 2018 |

Appeal from the PCRA Order Entered August 24, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0007416-2009.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: May 20, 2021

Andrew Tirado appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  Around midnight on March 7, 2009, Christene Turner asked her boyfriend, Thomas Barr, to go to a local store and purchase her a beverage.  When he did not return promptly, Ms. Turner stepped out onto her porch to look for him.  At that time, she saw Mr. Barr walking down the street toward her home.  As he walked past an alleyway, Tirado and a second, unidentified man grabbed Mr. Barr and pulled him into the alley.

Upon making this observation, Ms. Turner ran down the street and into the alley, where she saw Tirado and the other man pinning Mr. Barr against a

wall. The two men then threw Mr. Barr to the ground and kicked and hit him. Ms. Turner began to run toward them while yelling at the men. The two men fled, and Ms. Turner chased them. During this pursuit, Tirado grabbed a gun, turned around, and fired a shot in her direction. Mr. Barr told police that Tirado and the other man had taken his wallet and $120.00 in cash.

Following Tirado's arrest on March 17, 2009, the Commonwealth charged him with robbery, attempted murder, and a firearm violation, and related charges. On December 7, 2010, the Commonwealth filed a motion to admit evidence of other bad acts pursuant to Pa.R.E. 404(b)(2). With this motion, the Commonwealth sought permission to introduce evidence that, four days after the incident at issue, Tirado displayed a handgun when he and another man committed a robbery during a drug transaction, occurring near midnight, in close proximity to the incident at issue. The Commonwealth sought to introduce this evidence to establish that Tirado had access to a weapon.

On January 6, 2011, the trial court held a hearing on the motion. At that time, trial counsel informed the court that Tirado was not present, and counsel did not waive his presence. N.T., 1/6/11, at 4. Counsel further informed the court that he did not intend to call any witnesses. The trial court and the parties then agreed to present legal argument regarding the motion but defer ruling on the motion until the start of trial and in Tirado's presence.

On January 10, 2011, with Tirado present, the trial court gave counsel an opportunity to present additional argument, and counsel declined. The trial court than granted the motion. At trial, a police officer testified that, while investigating a different matter, Tirado told him that he had a 9mm semi-automatic gun four days after the robbery in this case.

On January 12, 2011, a jury convicted Tirado of robbery and related charges, but acquitted him of attempted murder. On April 13, 2011, the trial court sentenced him to an aggregate term of ten to twenty years of imprisonment. Tirado filed a timely appeal to this Court. In an unpublished memorandum filed on July 8, 2012, this Court affirmed his judgment of sentence and, on December 18, 2013, our Supreme Court denied Tirado's petition for allowance of appeal. *Commonwealth v. Tirado*, 82 A.3d 1057 (Pa. Super. 2013, *affirmed*, 81 A.3d 77 (Pa. 2013).

Tirado filed a timely *pro se* PCRA petition on October 20, 2014, and the PCRA court appointed counsel on June 4, 2015. On April 13, 2017, PCRA counsel filed an amended PCRA petition. Thereafter, the Commonwealth filed a motion to dismiss. On July 24, 2018, the PCRA court issued a Pa.R.Cim.P. 907 notice of its intent to dismiss Tirado's amended PCRA petition without a hearing. Tirado filed a *pro se* response. By order entered August 24, 2018, the PCRA court denied Tirado's petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance but did file a Rule 1925(a) opinion.

Tirado raises the following single issue on appeal:

A. Did the PCRA court commit an error of law and [commit] an abuse of discretion by denying [Tirado] PCRA relief on his claim alleging that trial counsel was ineffective for failing to object to his absence during [the] Pa.R.E. 404(b) hearing?

Tirado's Brief at 2.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015)

(*en banc*) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations

omitted).

- 4 -

Tirado's issue asserts ineffectiveness of his trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. **Id.** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010).

The same attorney represented Tirado at trial and on appeal. Tirado asserts that his counsel "was ineffective for permitting a Pa.R.E. 404(b) hearing to occur in [his] absence despite having objected to the holding of the hearing because [he] was not present." Tirado's Brief at 8. According to Tirado, because this pretrial hearing constituted a "critical stage" of the proceedings, he had a constitutional right to be present.

The PCRA court found no merit to this claim because, "trial counsel did not waive [Tirado's] presence at the hearing." PCRA Court Opinion, 11/20/18, at 4.[1] The court further explained:

> Counsel went on to clarify that he did not plan on calling any witnesses and would be solely making legal argument. Thus, the court concluded that [Tirado's] absence from the hearing would not prejudice [Tirado] or change the proceedings of the hearing. Counsel's legal argument would have been the same regardless of [Tirado's] presence at the hearing. [Tirado] cannot meet the first and last prong of the [ineffectiveness] test, because counsel did not ever waive [Tirado's] right to be present and because [Tirado] was not prejudiced as a result of his absence at the motion hearing.

*Id.* at 5. Our review of the record supports the PCRA court's conclusions.

Tirado's claims to the contrary are unavailing. Although the trial court heard the parties' legal argument regarding the admission of the evidence at issue in the courtroom and outside the presence of Tirado, the court did not grant the motion until the parties were given additional time to argue and Tirado was present.

---

[1] In brief, Tirado maintains that, "[w]ithout consulting with [him], trial counsel waived [his] presence at the hearing and permitted the hearing to take place." Tirado's Brief at 10. Our reading of the pretrial hearing transcript supports the PCRA court's conclusion that trial counsel **did not** waive Tirado's presence. Indeed, later in his brief, Tirado acknowledges that trial counsel "objected to [the hearing] taking place without [him] being present." *Id.* at 15.

Moreover, Tirado cites no persuasive authority to establish that the pretrial "hearing" at issue constituted a critical stage of the proceedings. As our Supreme Court has summarized:

> "Article I, § 9 of the Pennsylvania Constitution and Pennsylvania Rule 602 guarantee the right of an accused to be present in the courtroom at every stage of a criminal trial." ***Commonwealth v. Hunsberger***, 619 Pa. 53, 58 A.3d 32, 38 (2012). Such right, however, is not absolute. A defendant "has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. ***Id.*** at 37 (citing ***Kentucky v. Stincer***, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (internal citations omitted), Accordingly, "the defendant is guaranteed the right to be present any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure." ***Id.***

***Commonwealth v. Tharp***, 101 A.3d 736, 762 (Pa. 2014) (footnote omitted).[2] This Court has also found that a defendant's right to be present "is not inclusive of every step in the proceedings:

> [A] defendant's right to be present at all stages of his trial does not extend to all procedural matters in preparation for trial such a preliminary pretrial motions and arguments on matters of law, especially where his absence causes no prejudice, but his presence is required when the testimony of witnesses is being given.

---

[2] In the omitted footnote, the High Court cited Rule 602, which provides that a defendant "shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and the imposition of sentence[.]" Pa.R.Crim.P. 602(a).

*Commonwealth v. Ah Thank Lee*, 566 A.2d 1205, 1207 (Pa. Super. 1989) (citation omitted).

In support of his claim that the pretrial hearing at issue was a "critical stage" requiring his presence, Tirado relies on this Court's decision in *Commonwealth v. McLaurin*, 437 A.2d 440 (Pa. Super. 1981), where we found both a due process violation and ineffective assistance of counsel occurred after a suppression hearing took place without the defendant's presence. *McLaurin* is easily distinguishable from the pretrial hearing at issue in the case

In *McLaurin*, the defendant was absent from a courtroom proceeding:

> where witnesses' testimony regarding his identification as a participant in a crime would have be given. This was testimony which tended to show that the [defendant] had done the acts for which he was being tried, and, therefore, a critical stage in the adjudicatory process for the accused.

*McLaurin*, 437 A.2d at 444. Here, unlike a suppression hearing, the Commonwealth did not present any witnesses but rather only legal argument in support of its desire to present certain evidence a trial. Thus, the pretrial hearing at issue in this case, argument on the Commonwealth's motion *in limine*, is more akin to a sidebar or in-chamber conference, neither of which requires the defendant's presence. *See*, *e.g.*, *Commonwealth v. Boyle*, 447 A.2d 250, 253 n.7 (Pa. 1982) (explaining, a "defendant's presence in chambers and at sidebar is not required where he is represented by counsel").

Finally, we agree that Tirado cannot establish prejudice. Tirado asserts that "he could have provided key information relevant to the motion that would have reasonably caused the hearing judge to deny the Commonwealth's motion." Tirado's Brief at 9. In his brief, Tirado later asserts that, had he been present, "he could have consulted with trial counsel and reminded him that a weapon was not recovered in the current case and neither was a fired cartridge case nor other ballistic evidence casings." *Id.* at 16. Tirado further asserts that he could have testified during the hearing to deny having a weapon during the incident at issue. *Id.* at 17.

The arguments of trial counsel against granting the Commonwealth's motion *in limine* clearly establish that counsel knew no weapon or ballistic evidence was found in this case. Moreover, counsel unsuccessfully challenged the admission of evidence of Tirado's access to weapons on direct appeal. *See Tirado*, *supra*. Finally, in addition to the PCRA court's conclusion that his presence would have in no way affected the argument presented by counsel, we note that because Tirado was acquitted of attempted murder and the other gun-related charges, his claim of prejudice fails.

In sum, we conclude that Tirado's clam of trial counsel's ineffectiveness for failing to ensure his presence during argument on the Commonwealth's motion *in limine* is without merit. As such, that same counsel cannot be found ineffective for failing to raise this issue on direct appeal. We therefore affirm the PCRA court's order denying Tirado post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21