J-A11015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                              PENNSYLVANIA
:
v.                                           :
:
:
SHAUN VINCENT DUGUAY                          :
:
Appellant          :       No. 1211 WDA 2022

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Beaver County
Criminal Division at No:  CP-04-CR-0001281-2021

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                         **FILED:  July 19, 2023**

Appellant, Shawn Vincent Duguay, appeals from the judgment of sentence entered on September 22, 2022 in the Court of Common Pleas of Beaver County following his conviction of the summary offense of driving while license suspended, 75 Pa.C.S.A. § 1543(b)(1)(ii).  Appellant contends the trial court erred by conducting his non-jury trial *in absentia*.  Upon review, we affirm.

As the trial court explained, and as our review of trial testimony confirms, while on patrol in the early afternoon of April 11, 2021, New Brighton Police Officer Keith Smith observed Appellant operating a van.  Officer Smith knew Appellant did not have a valid license.  Consequently, the officer

_____

[*] Retired Senior Judge assigned to the Superior Court.

conducted a traffic stop during which Appellant admitted he was driving without a valid license. Trial Court Rule 1925(a) Opinion, 12/13/22, at 2-3; Notes of Testimony, 9/22/22, at 15-19. Officer Smith further testified that he obtained a copy of Appellant's PennDOT driver's history, which revealed three prior convictions for driving on a suspended license, DUI-related.

Appellant was initially charged with one count of Driving while DUI suspended – BAC .02 or greater (75 Pa.C.S.A. § 1543(b)(1.1)(ii)), a third-degree misdemeanor. On August 3, 2022, following a number of continuances, the Commonwealth sought leave to amend the information to a charge of Driving while license is suspended/revoked pursuant to § 3802 – second violation (75 Pa.C.S.A. § 1543(b)(1)(ii))), a summary offense. By order entered the following day, the trial court granted the petition. Order, 8/4/22.

On September 12, 2022, the trial judge issued an order scheduling a bench trial for September 22, 2022. The order specified the date, time, and location of the proceeding.

On September 21, 2022, Appellant's counsel filed a motion to withdraw, asserting that Appellant was no longer entitled to representation by the Public Defender's Office because there was "no potential disposition of incarceration" after the Information was amended to charge Appellant with a summary offense only. Motion to Withdraw, 9/21/22, at 1. The trial court denied the

motion and ordered counsel to appear for trial as scheduled on September 22, 2022. Order, 9/21/22.

Although counsel did appear for trial on September 22, Appellant did not. The trial judge asked counsel if he knew where Appellant was. Counsel "responded in the negative but indicated that it was his understanding [Appellant] was aware of the scheduled proceeding." Trial Court Rule 1925(a) Opinion, 12/13/22, at 1. The trial court made additional inquiries of the arresting officer and a second officer with whom the arresting officer had spoken, but neither could say with certainty that Appellant was aware of his trial date. *Id.* at 1-2. The court then called the Clerk of Courts who stated on the record, via speakerphone, that "the notations written on the back of the court's order scheduling this trial denote that [Appellant], Court Administration, the District Attorney's Office, and the Public Defender's Office[] were all sent official copies of the scheduling order by the clerk of courts." *Id.* at 2 (some capitalization omitted).

Satisfied that Appellant was given notice of his trial date, the court proceeded to conduct the bench trial *in absentia*. *Id.* At the conclusion of the proceedings, the trial court found Appellant guilty of one count of driving while license suspended (2nd offense). The court sentenced Appellant to a fine of $1,000.00. Appellant did not file post-sentence motions but did file a timely counseled notice of appeal. The trial court did not order the filing of a

statement of errors complained of appeal but did issue a "1925 Opinion" on December 13, 2022.

Appellant asks us to consider one issue in this appeal:

I.     Whether the Appellant's conviction should be reversed as conducting the trial while the Appellant was absent with cause violated the Appellant[']s due process rights?

Appellant's Brief at 6.

We first note that "[a] question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." **Commonwealth v. Tejada**, 161 A.3d 313, 317 (Pa. Super. 2017) (quoting **Commonwealth v. Smith**, 131 A.3d 467, 472 (Pa. 2015) (citation omitted)).

It is well settled that "[a] person accused of a crime has a constitutional right pursuant to the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution to be present at every stage of a criminal trial." **Commonwealth v. Wilson**,712 A.2d 735, 737 (Pa. 1998). However, "[i]n non-capital cases, a defendant may, by his actions, waive this right expressly or implicitly.  The waiver must be knowing and voluntary." **Id.** (citing, *inter alia*, **Commonwealth v. Sullens**, 619 A.2d 1349 (Pa. 1992)). Further, Pennsylvania Rule of Criminal Procedure 602 provides, in relevant part, that

> [t]he defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.  **The defendant's absence without cause at the**

**time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence**.

Pa.R.Crim.P. 602(a) (emphasis added).  Moreover, the Comment to Rule 602 provides that "upon a finding that the [defendant's] absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without case at the time set for trial or during trial."  *Id.*, Comment.

Appellant argues that his due process rights were violated because his "attorney failed to notify him of the date of his trial" and his "absence, therefore was with cause."  Appellant's Brief at 8.  In support of his contention, Appellant relies on ***Commonwealth v. McLaurin***, 437 A.2d 440 (Pa. Super. 1981).  Appellant accurately quotes ***McLaurin***, in which "this Court found that McLaurin's absence from a suppression hearing was with cause 'since court-appointed counsel neglected to inform his client to be in court, the date set for the hearing.'"  Appellant's Brief at 8 (quoting ***McLaurin***, 437 A.2d at 445).

The Commonwealth counters that the quote from ***McLaurin*** is out of context.  In that case, the defendant failed to appear at a suppression hearing. "The Court noted that the record [in ***McLaurin***] failed to produce any evidence to substantiate the Commonwealth's assertion that the appellant waived his right to be present at the hearing" and there was no discussion regarding "whether McLaurin received notice" of the hearing.  Commonwealth Brief at 10.  The Commonwealth observed that while counsel in the instant case "did

- 5 -

not contact Appellant to inform him of the trial date, the record established that Appellant was informed by the court of the trial date." *Id.* at 11.

We agree that Appellant's reliance on *McLaurin* is misplaced. The court's inquiries prior to the proceedings in this case established by a preponderance of the evidence that notice of the trial was provided to Appellant by the clerk of courts, even if his attorney did not mention it to him. Importantly, Appellant does not suggest that he did not receive notice. Rather, he bases his due process argument on the fact that his *attorney* did not notify him and contends that the *attorney's* failure establishes that his absence was with cause. As the Commonwealth observes:

> As in *Sullens*, the court properly conducted an inquiry into whether Appellant got notice. He was properly sent notice to the address he provided to the courts, and he had a conversation with an officer he knew about his upcoming court date. There was a preponderance of evidence to show that Appellant received notice of the trial date. (See *Commonwealth v. Hill*, 737 A.2d 255, 259 (Pa. Super. 1999)[)]. There was no evidence on the record to excuse Appellant's absence. His absence was therefore without cause, and he waived his right to be present at trial.

Commonwealth Brief at 8-9.

We conclude that Appellant's due process rights were not violated when the trial court conducted his bench trial *in absentia* after establishing, by a preponderance of the evidence, that Appellant was given notice of the date, time, and location of the September 22, 2022 hearing. Therefore, we shall not disturb the judgment of sentence imposed at the conclusion of those proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/19/2023