566 A.2d 1205

**COMMONWEALTH of Pennsylvania**

v.

**AH THANK LEE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1989.

Filed Oct. 23, 1989.

Reargument Denied Dec. 21, 1989.

Peter C. Bowers, Philadelphia, for appellant.

Kathy Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

TAMILIA, Judge:

Appellant was convicted by a jury on June 30, 1988 of second degree murder,[1] criminal conspiracy,[2] robbery[3] and possessing an instrument of crime.[4] Immediately after trial appellant was sentenced to the mandatory term of life imprisonment for the murder, but sentencing on the other convictions was deferred pending the disposition of post-trial motions. Post-trial motions were timely filed and a hearing was scheduled for September 8, 1988. At the end of August, however, appellant was mistakenly sent back to New York, on the Philadelphia district attorney's authorization, to continue serving a sentence which preexisted his trial in the instant case. The hearing on post-trial motions

1. 18 Pa.C.S. § 2502.
2. 18 Pa.C.S. § 903.
3. 18 Pa.C.S. § 3701.
4. 18 Pa.C.S. § 907.

was continued to allow the district attorney an opportunity to have appellant returned for the hearing and sentencing. Three hearings on the matter were held in New York and appellant, represented by counsel, refused to consent to his return to Pennsylvania (transcripts from October 31, November 4 and November 18, 1988 are included in the case record). Finally, on December 28, 1988, a hearing was held to dispose of the post-trial motions and appellant was sentenced *in absentia* to five to ten years imprisonment for conspiracy and two and one-half to five years imprisonment for possessing an instrument of crime, all sentences to run consecutively. The robbery conviction merged with the murder for sentencing purposes. A motion for reconsideration was filed and denied and appellant now raises six issues on appeal. The facts are as follows.

Appellant and two others entered the Ho Sai Gai Restaurant in Philadelphia on August 14, 1983 to extort "protection" money from the owner. Apparently, they were members of a New York gang and had collected "dues" from Chinatown restaurants there. The owner refused their demands so they tried to open the cash register. The manager, Jade Wong, was discovered calling police and one of appellant's co-conspirators shot her in front of two eyewitnesses.

Appellant's first issue raises the propriety of the trial court refusing a continuance and conducting the post-trial motions hearing and sentencing without appellant being present. Defense counsel had sought a continuance of the hearing because appellant was still in New York, would not return to Philadelphia and counsel was unable to consult with him or contact him in New York. The trial court found appellant had refused his opportunity to be present, thereby waiving his rights, and the hearing could be held without him pursuant to Pa.R.Crim.P. 359(D).[5] We find

5. RULE 359. POST-VERDICT MOTIONS: WHEN TO FILE

. . . .

 D. When there is oral argument on the post-sentence motion, the defendant need not be present.

there was no error in holding the hearing and sentencing appellant *in absentia.*

The trial court has discretion over a request for continuance and a denial of such a request will not be reversed absent a showing of palpable and manifest abuse of the court's discretion. *Commonwealth v. Mehalic,* 382 Pa.Super. 264, 555 A.2d 173 (1989). Although appellate counsel argues he had insufficient time to prepare before argument, we will not reverse a denial of a continuance on the mere allegation that more time to prepare was necessary. *Commonwealth v. Brown,* 351 Pa.Super. 119, 505 A.2d 295 (1986).

> Mere shortness of time in which to prepare does not mandate the granting of a continuance. An appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice. (Citations omitted.)

*Id.,* 351 Pa.Superior Ct. at 125, 505 A.2d at 298.

Appellant's counsel had ample time to consult with his client from the time appellant was sentenced, June 30, 1988, until the hearing date, December 28, 1988. In fact, when post-trial motions were filed, appellant was still incarcerated in Philadelphia. Although counsel argues he could not contact his client in New York because appellant could receive no phone calls, counsel could have communicated with appellant by letter or through contact with appellant's New York counsel. The fact that counsel was unaware the

Although appellant argues this rule is applicable only to capital cases, we agree with the trial judge and the appellee and believe it is applicable to all cases in which a mandatory sentence is imposed (here, life imprisonment for second degree murder). We acknowledge the rule is under chapter 350 relating to capital cases but believe 359B would be meaningless were we to apply any other interpretation. We add that disposition under this rule is not crucial to our decision in this case and the result would not change if the rule would be found inapplicable. Additionally, appellant has not cited any authority for the proposition he *must* be present when post-trial motions are orally argued.

hearing would proceed without appellant until seven days prior to December 28th is insufficient reason to reverse the denial of the continuance; counsel should have been prepared for that possibility, knowing his client had refused to appear.

Furthermore, although it is a leading principle of criminal law that after indictment, nothing shall be done in the absence of the defendant, this right can be waived by the defendant's words or actions. *Commonwealth v. Craddock*, 370 Pa.Super. 139, 535 A.2d 1189 (1988), affirmed per curiam, 522 Pa. 491, 564 A.2d 151 (1989). Additionally, this right is not inclusive of every step in the proceedings.

> The United States Supreme Court has long recognized that a defendant needs to be present at any proceeding that "bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend." *Snyder v. Massachusetts*, 291 U.S. 97, 106, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934), quoted in [*Commonwealth v. McLaurin*, 292 Pa.Super. 392, 396, 437 A.2d 440, 443, (1981).] Therefore, a defendant's right to be present at all stages of his trial does not extend to all procedural matters in preparation for trial such as preliminary pretrial motions and arguments on matters of law, especially where his absence causes no prejudice, but his presence is required when the testimony of witnesses is being given. *Id.*

*In Interest of Borden*, 376 Pa.Super. 468, 472, 546 A.2d 123, 125 (1988).

■ Appellant may not, on the one hand, refuse to return to Philadelphia for the hearing on his post-trial motions, and on the other, claim his right to be present has been violated. He in essence argues the Commonwealth could have and should have forced him to return because he had a right to be present and they denied his right by transferring him to New York prematurely. We reject this attempt at procedural game-playing and agree with the trial court that appellant is simply trying to frustrate the administration of justice. When appellant refused to return to Pennsylvania

he waived any right to be present, and the court had no choice but to proceed without him.

As to appellant's next four issues,[6] we agree with the trial judge, the Honorable Albert Sabo, and the Commonwealth that these are waived. Slip Op., Sabo, J., 4/19/89, p. 4; Appellee's brief at p. 15. Although allegations II, III and V were initially properly preserved in post-trial motions (Record at # 23), we find them waived for failure, at the trial court level, to brief them or argue them at the hearing.

The Pennsylvania Supreme Court has made it "abundantly clear" that only issues "which are raised in a post-trial motion in accordance with [Pa.R.Crim.P.] 1123, *and briefed or argued before the court hearing the motion,* will be considered preserved for appellate review." *Commonwealth v. Manigault,* 501 Pa. 506, 509, 462 A.2d 239, 241 (1983) (emphasis added).

*Commonwealth v. Reeves,* 378 Pa.Super. 29, 39, 548 A.2d 260, 265 (1988) (emphasis in original).

As to issue IV, the trial judge properly found it waived for failure to include it in post-trial motions. Slip Op. at 4; *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Copeland,* 381 Pa.Super. 382, 554 A.2d 54 (1989); Pa.R.Crim.P. 1123(a), (c)(3),

 Appellant's final argument is trial court error in sentencing him to consecutive terms of imprisonment for

---

**6.** II. Where the eyewitness identification testimony of the only Commonwealth witness is highly suspect, did the trial Court err in failing to give a *Kloiber* charge?

III. Where two (2) witnesses have heard declarations against interest from one (1) convicted participant in the crime and one (1) alleged participant, did the trial court err in excluding this statement either as an exception to the hearsay rule or on due process grounds?

IV. Where the Commonwealth engaged in a pattern of impermissible gamesmanship which either hid or distorted evidence, did this conduct violate *Brady vs Maryland,* [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ] and principles of due process and fundamental fairness.

V. Did the trial Court err when it restricted the testimony of New York City Detective Joseph Fasano, who had been involved in investigating this case, where Detective Fasano would have related why he took certain actions in this case favorable to the Defendant?

conspiracy and possession of an instrument of crime because both are inchoate crimes arising from the same incident. Appellant's claim is erroneous because 18 Pa.C.S. § 906, Multiple convictions of inchoate crimes barred, the basis of his argument, as amended and effective prior to appellant's trial, provides otherwise. Prior to December 11, 1986, section 906 read as follows:

§ 906. Multiple convictions barred

A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime.

Sixty days thereafter, however, on February 9, 1987, the new statute became effective. The amended statute specifically lists the inchoate crimes of which multiple convictions are prohibited.

§ 906. Multiple convictions of inchoate crimes barred

A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime.

Because section 906 now only prohibits multiple convictions of the inchoate crimes of criminal attempt, section 901, criminal solicitation, section 902, and criminal conspiracy, section 903, and does not include possessing instruments of crime, section 907, appellant's allegation of illegality of sentence is without merit.

Also, appellant blindly argues the court imposed its sentences without using a pre-sentence report. He offers nothing to indicate what might have been included in the report which may have benefitted him nor does he even allege he was prejudiced in any manner because the court did not have a pre-sentence report. Although we have not been supplied with a copy of the sentencing hearing transcript, we believe we can safely assume the trial judge did state his reasons for appellant's sentence in compliance with Pa.R.Crim.P. 1403 and 1405 since appellant has not alleged otherwise. Although ordering a pre-sentence report is dis-

cretionary with the sentencing judge, Pa.R.Crim.P. 1403, in this case the court did order the report but its completion was frustrated when appellant refused to return to Pennsylvania. Under the circumstances, *see* discussion on Issue I, *supra*, the court had no choice but to sentence appellant without the benefit of the report. We agree with the trial judge's summation of the situation.

Considering all of the facts presented, especially defendant's contradictory statements that he would not voluntarily return to Pennsylvania, but that he would not waive his right to be present, it is our opinion that defendant hoped to somehow frustrate the proceedings in Pennsylvania (N.T. 11–18–88, N.Y. State Court Chemung County, P. 4).

This defendant was represented by counsel in both Philadelphia and the New York Court. He had the relevant law explained to him by the Court in New York and the Chemung County New York District Attorney. This Court is satisfied that defendant, by his words and actions, waived his right to be present. *Commonwealth v. Craddox*, 370 Pa.Super. 139, 535 A.2d 1189 (1988).

It is also this Court's opinion that defendant, by making a choice not to be present, forfeits his right to have his claim considered in much the same way that voluntary fugitive status at the time for direct appeal acts as a knowing and understanding waiver of his appellate rights. *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

Defendant was offered the opportunity to be present for post-trial motions, to argue post-trial motions, to be present for sentencing and to exercise his right of allocution at that time. He decided that he would not return for any of these proceedings and has given no evidence of an extraordinary circumstance which prevented his appearance.

Having found no error during the trial court proceedings, we affirm the judgment of sentence.

Judgment of sentence affirmed.