**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON PATRICK LATSHAW | |
| Appellant | No. 648 WDA 2014 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003585-2012

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 09, 2015**

Appellant, Jason Patrick Latshaw, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his jury trial convictions for criminal solicitation of involuntary deviate sexual intercourse ("IDSI"), criminal solicitation of indecent assault, corruption of minors, and endangering the welfare of children.[1]  After careful review, we affirm.

The trial court sets forth the relevant facts and procedural history of this appeal as follows:

> From February through May of 2012, L.K., J.K., and their mother, Tracey Ziegler lived with Appellant's sister and children.[2]  L.K. and J.K. were ages 5 and 2, respectively,

---

[1]   18 P.S. §§ 902/3123; 902/3126(a)(7); 6301 (a)(ii); 4304(a)(1), respectively.

when they began living at the residence.[3]  At times, another female and her three children would stay at the residence.  Ziegler, who periodically dated Appellant since 2006, would allow Appellant to visit and watch her children alone.

[2] In May of 2012, a protection from abuse (PFA) order was entered against Ziegler on behalf of L.K. and J.K. From May of 2012 until the time of trial, L.K. and J.K. lived with their father.

[3] J.K. turned three on April 29, 2012.

On the day in question, while Appellant was alone with L.K. and J.K at the residence, he pulled off J.K.'s pants and diaper and commanded L.K. to lick and touch J.K.'s penis.[4] Afterwards, Appellant told L.K. she would be grounded if she told Ziegler.

[4] At trial, L.K. testified that the event occurred in the summer of 2012.  As discussed, infra, this event actually occurred earlier that year.

Michelle Peterson, forensic interviewer at the Children's Advocacy Center ("CAC"), interviewed L.K. on August 31, 2012.  At that time, L.K. told Peterson about the incident.

On November 20, 2013, following a two-day jury trial, Appellant was found guilty of the foregoing offenses.  This [c]ourt subsequently ordered a sexual violent predator (SVP) assessment pursuant to Pennsylvania's version of "Megan's Law,["] the Sexual Offender Registration and Notification Act, 42 [Pa.C.S.] § 9799.10, *et. seq.* ("SORNA").

Appellant's SVP hearing was held on March 11, 2014.  At that time, Brenda A. Manno, a licensed clinical social worker and board member of the Pennsylvania Sexual Offender Assessment Board, testified to a reasonable degree of professional certainty that Appellant met the statutory criteria for classification as a sexually violent predator.  At the conclusion of the SVP hearing, this [c]ourt found that Appellant was a sexually violent predator.

Following the SVP hearing, Appellant was sentenced to the following: 8 to 20 years' imprisonment at Count 1 (IDSI), consecutive to his current state sentence; 1 to 5 years' imprisonment at Count 2 (indecent assault), concurrent to Count 1; 1 to 5 years' imprisonment at Count 3 (corruption of minors), consecutive to Count 1; and, 1 to 5 years' imprisonment at Count 4 (endangering welfare of children), consecutive to Count 3.

Trial Court Opinion, filed July 21, 2014, at 1-2 (citations to the record omitted).

On March 21, 2014, Appellant filed a motion to reconsider sentence, which the court denied on March 24, 2014. Appellant filed a timely notice of appeal on April 17, 2014. On April 22, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). After the court granted Appellant's motion to extend the time to file a Rule 1925(b) statement to June 13, 2014, Appellant timely complied with the court's order on June 12, 2014.

Appellant raises the following issues for our review:

[WHETHER] THE EVIDENCE IN THIS CASE WAS INSUFFICIENT TO PROVE THAT [APPELLANT] COMMITTED THE CRIMES FOR WHICH HE WAS CONVICTED WHEN THE VICTIM PROVIDED INCONSISTENT VERSIONS OF THE EVENTS AND WHEN THE FATHER OF THE CHILDREN HAD INFLUENCE OVER WHAT THEY SAID[?]

[WHETHER] THE COURT ERRED IN FAILING TO PERMIT A CONTINUANCE OF THE TRIAL TO PERMIT [APPELLANT] TO CALL A WITNESS FROM THE OFFICE OF CHILDREN AND YOUTH AND IN FAILING TO PERMIT BUSINESS RECORDS FROM THE OFFICE OF CHILDREN IN YOUTH TO BE INTRODUCED AS EVIDENCE[?]

> [WHETHER] THE LOWER COURT [COMMITTED] REVERSIBLE ERROR IN THAT ITS SENTENCE WAS MANIFESTLY EXTREME AND CLEARLY UNREASONABLE, AND NOT INDIVIDUALIZED AS REQUIRED BY LAW, ESPECIALLY IN ITS CONSECUTIVENESS[?]

Appellant's Brief at 2.

In his first issue, Appellant argues the testimony of one of his victims, L.K., was incredible because she gave conflicting statements about the date on which the crimes occurred. Further, Appellant claims L.K.'s father influenced L.K. to lie about the events. Appellant concludes that the Commonwealth presented insufficient evidence to support his convictions. We disagree.

When examining a challenge to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

The offenses for which Appellant was convicted are defined by statute as follows:

### § 902. Criminal solicitation

**(a) Definition of solicitation.--**A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S. § 902.

### § 3123. Involuntary deviate sexual intercourse

**(a) Offense defined.--**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

\*　　\*　　\*

(7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

\*　　\*　　\*

**(b) Involuntary deviate sexual intercourse with a child.**—A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when

the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C. § 3123.

### § 3126. Indecent assault

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\* \* \*

(7) the complainant is less than 13 years of age

18 Pa.C.S. § 3126.

### § 6301. Corruption of minors

**(a) Offense defined.--**

(1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301.

**§ 4304. Endangering welfare of children**

**(a) Offense defined.--**

    (1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S. § 4304.

Instantly, the Commonwealth presented sufficient evidence to enable the fact-finder to find every element of Appellant's crimes beyond a reasonable doubt. The trial court reasoned as follows:

> L.K. testified that Appellant forced her to lick and touch J.K.'s penis. Throughout her trial testimony, she described Appellant as the offender and was consistent as to where and how it happened. Because L.K. testified via closed-circuit television, her testimony, together with her mother's in-court identification, was sufficient to establish that Appellant was the perpetrator. ***See, Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa.Super.2010). Furthermore, the fact that J.K., who was six-years-old at the time of trial, testified that the event occurred in the summer of 2012, when it occurred earlier that year, is not dispositive. ***See Commonwealth v. Luktisch***, 680 A.2d 877, 880 (Pa.Super.1996) (the rule that the date of the commission of the offense be fixed with reasonable certainty is relaxed when the victim is a child); ***Commonwealth v. Groff***, 548 A.2d 1237, 1242 (Pa.Super.1988) (when a young child is a crime victim, it is often impossible to ascertain the exact date when the crime occurred "because the child may only have a vague sense of the days of the week, the months of the year, and the year itself. If such children are to be protected by the criminal justice system, a certain degree of imprecision concerning times and dates must be tolerated.")
>
> It was for the jury to determine credibility, and it was permitted to believe all, part, or none of L.K.'s

testimony.[2] ***Commonwealth v. Andrulewicz***, 911 A.2d 162, 166 (Pa.Super.2006), citing ***Commonwealth v. Adams***, 882 A.2d 496, 499 (Pa.Super.2005). Clearly, the jury believed L.K.'s testimony. Furthermore, L.K.'s testimony established all the elements of the offenses. [***See***] ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa.Super.2006)(finding that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant).

Trial Court Opinion at 7-8.

When viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to sustain the jury's verdict on all counts. Accordingly, Appellant's first issue is without merit.

In his second issue, Appellant claims the court erred in denying his continuance request. Specifically, Appellant argues that because the court denied the introduction of the Office of Children and Youth ("OCY") records, the court should have allowed a continuance because OCY witness, Gina Kane, was on medical leave at the time of trial, and therefore unavailable.[3] Further, Appellant argues that the OCY records included an employee's

---

[2] The jury was also free to believe L.K.'s testimony, on cross-examination, that her father did not have to remind her about what to say, and that she did not talk to her dad about what she was going to say in court.

[3] Appellant does not explain exactly why Ms. Kane's medical leave made her "unable to testify." He states in his brief: "The trial court implied that the only proper course of action to take in this case would be to find the witness who was on medical leave from her job and subpoena her to come testify in court despite that leave."

opinion that L.K. and J.K.'s allegations were inconsistent and unfounded and that the court erred by not admitting them into evidence.[4]  We disagree.

Our standard of review regarding a trial court's determination of a continuance request is well-settled:

> "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." ***Commonwealth v. Boxley***, 948 A.2d 742, 746 ([Pa.]2008) (citing ***Commonwealth v. Randolph***, 873 A.2d 1277, 1281 (Pa.2005)).  "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record[.]"  ***Id.*** (internal quotation marks omitted).

***Commonwealth v. Antidormi***, 84 A.3d 736, 745-46 (Pa.Super.2014) *appeal denied,* 95 A.3d 275 (Pa.2014).  Substantively, we observe:

> "[a] bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." ***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa.Super.2012)[, *appeal denied*, 72 A.3d 603 (Pa.2013)] (citing ***Commonwealth v. Ah Thank Lee***, 566 A.2d 1205, 1206 (Pa.Super.1989)[, *appeal denied*, 590 a.2d 756 (Pa.1990)]). "An appellant must be able to show specifically in what manner he was unable to prepare for his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice." ***Id.***

---

[4] For purposes of disposition, we will first address Appellant's continuance claim, and then proceed to address Appellant's evidence claim, both of which are encompassed in his second issue for review.

(quoting ***Commonwealth v. Brown***, 505 A.2d 295, 298 (Pa.Super.1986)).

***Id.***

Although Appellant contends that, if called, Ms. Kane would have testified about the inconsistent and unclear interview of L.K., he admits in his brief that he decided not to call Ms. Kane when he had the opportunity to do so. He explains: "Counsel did not state the reasons on the record, but the court's requirement that he attempt to bring her into court, away from her medical leave, may have played a part in that decision." Appellant's Brief at 9-10. Further, Appellant states: "No evidence was presented to the court that the Commonwealth would have been prejudiced had the trial been continued…." ***Id.*** at 10. Appellant has confused the standard for a continuance motion. We will not reverse a denial of a motion for continuance in the absence of prejudice to the party requesting the continuance. ***See Antidormi, supra.*** Whether the other party would have been prejudiced had the motion been granted is of no consequence. Thus, because Appellant does not show prejudice to himself, the court's decision to deny his motion for a continuance was not an abuse of discretion.

Regarding Appellant's claim that the court erred by not admitting the OCY business records:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in

the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

***Commonwealth v. Levanduski***, 907 A.2d 3, 13 (Pa.Super.2006) (en banc), *appeal denied*, 919 A.2d 955 ([Pa.]2007) (quoting ***Commonwealth v. Drumheller***, 808 A.2d 893, 904 ([Pa.]2002), *certiorari denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003).

Here, the trial court did not find the OCY records to be relevant, and explained why it found the evidence inadmissible as follows:

> [The fact] that [the OCY official] may have found the accusations unfounded, that does not present admissible evidence at trial. I wouldn't let a founded accusation in and her unfounded accusation is not admissible, nor are her conclusions that she found the children inconsistent or vague. That would be vouching. We've prohibited the Commonwealth from doing it, as it used to try to do in these cases, and we'll prohibit the defense from doing it. We're not going to get into trying this case by what OCY did or letting someone vouch or attack the credibility of the witnesses.

Trial Court Opinion, at 5-6 (quoting N.T. Trial, Day 1, 11/19/13, at 9-10). We find no abuse of discretion in the trial court's determination that the evidence was irrelevant, and therefore inadmissible.

In his final issue, Appellant submits that his sentence was lengthier than necessary to accomplish the purposes of protecting the public and rehabilitating the defendant. Appellant claims the court failed to consider mitigating factors, such as his lack of any previous conviction for sex crimes and his rehabilitative potential. He argues his sentence is manifestly

excessive and clearly unreasonable, and concludes that we should vacate his judgment of sentence. We disagree.

Our standard of review for a discretionary aspects of sentencing claim, is well-established.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. ...[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-70 (Pa.Super.2010) (internal citations omitted).

Further, we note that challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011) An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretion aspects of a sentence:

(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen, supra,* at 1064.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)[, *appeal denied*, 897 A.2d 451 (Pa.2006)]). A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. *Id.* (quoting *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003)). However:

An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa.Super.2003). *Accord Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa.Super.1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). *Compare Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super.2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

\*     \*     \*

> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. [**Commonwealth v. Walls**, 926 A.2d 957, 965 (Pa.2007)]. Under 42 [Pa.C.S.] § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. **Commonwealth v. Pass**, 914 A.2d 442, 446-47 (Pa.Super.2006).

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super.2010).

Here, Appellant filed a timely notice of appeal, and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). See Appellant's Brief, p. 5. However, Appellant's sentence was well within the statutory limits, and his allegations that the court improperly imposed consecutive sentences and failed to consider mitigating factors do not raise a substantial question. **See Moury, supra.**

Even if Appellant had raised a substantial question, the trial court reasoned:

> Nevertheless, before imposing sentence, this [c]ourt considered the following: (1) the pre-sentence investigative report; (2) Pennsylvania Sentencing Code and all its factors; (3) the Pennsylvania Sentencing Guidelines (4) the sexual violent predator expert report; (5) letter written by Appellant; (6) statements made by counsel and Appellant at time of sentencing; (7) Appellant's history of being a victim of sexual abuse; and (8) the trial testimony.

* * *

> The sentence was tailored to Appellant's individual situation and the reasons for the sentence imposed were clearly set forth on the record. Any lesser sentence would have depreciated the nature of the offense. Because Appellant's sentence was within the statutory limits and not manifestly excessive, there was no sentencing error.

Trial Court Opinion at 11-12.

The court acted within its discretion and Appellant's final issue is without merit. Accordingly, we affirm.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015