J-S56042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAVON DEWAYNE CHISLEY, | |
| Appellant | No. 2043 MDA 2015 |

Appeal from the PCRA Order October 21, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000213-2007

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:

Appellant Lavon Dewayne Chisley appeals from the order of the Court of Common Pleas of Centre County denying his petition and subsequent amended petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Petitioner claims the PCRA court erred in denying his request for additional time to allow his third PCRA counsel to review the record. After careful review, we affirm.

On September 28, 2007, a jury convicted Appellant of first-degree murder and third-degree murder. The trial court sentenced Appellant to life in prison. After Appellant appealed, this Court affirmed his judgment of sentence on July 6, 2009. Appellant was represented by Atty. Karen G. Muir throughout this stage of his criminal proceedings.

---

*Former Justice specially assigned to the Superior Court.

On July 6, 2010, Appellant filed a timely *pro se* PCRA petition.[1]  The PCRA court appointed Atty. Edward S. Blanarik, who represented Appellant from August 8, 2010 to February 13, 2013.  Due to the untimely death of Atty. Blanarik, the PCRA court appointed Atty. Elizabeth A. Hunt, who assisted Appellant in filing an Amended Petition on February 13, 2015 and a Second Amended Petition on March 12, 2015.  On September 17, 2015, the Commonwealth filed a response to each of Appellant's petitions along with a motion to dismiss the petition without a hearing.

Before the PCRA court could render a decision, Atty. Hunt filed a motion to withdraw on September 21, 2015, as she intended to relocate with her family outside of Pennsylvania.  On September 25, 2015, the PCRA court allowed Atty. Hunt to withdraw.  On October 2, 2015, the PCRA court appointed Atty. Charles J. Kroboth, Jr. to represent Appellant.  The same day, the PCRA court notified Appellant of its intent to dismiss all three of his petitions without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1).  The PCRA court gave Appellant twenty days from the date of the notice to respond and indicated the petitions would be dismissed without a hearing if Appellant failed to respond.  The PCRA court also filed an opinion addressing each of the issues outlined in Petitioner's PCRA petitions.

_____

[1] ***See*** 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final....").

- 2 -

On October 19, 2015, Atty. Kroboth filed a response/objection to the PCRA court's notice of its intent to dismiss. Atty. Kroboth claimed he was unaware of the notice until October 6, 2015 when he returned to his office. Asserting he did not have sufficient time to review Appellant's case to form an appropriate response, Atty. Kroboth asked the PCRA court to allow him an additional sixty days to respond. In the alternative, Atty. Kroboth asked to withdraw his representation if the PCRA court denied his requested relief as he believed that he would be rendering ineffective assistance of counsel.

On October 21, 2015, the PCRA court filed an order dismissing Appellant's petition with all its amendments and granting Atty. Kroboth's motion to withdraw as counsel. On October 22, 2015, the PCRA court appointed Atty. Steven Trialonas to represent Appellant for appeal purposes. Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Appellant raises the following issues for our review:

I.    Did the [PCRA] court committed [sic] an error of law and abuse of discretion in denying newly appointed counsel additional time to respond to a notice of intent to dismiss PCRA in a case that involved a 5 day jury trial on the charge of first degree murder[?]

II.   Did the trial court improperly fail to rule on Appellant Chisley's response/objection to the notice of intent to dismiss?

Appellant's Brief, at 2.

Our standard of review for the denial of a PCRA petition is as follows:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016). To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2)(i).

On collateral appeal, Appellant raises two issues that both challenge the PCRA court's denial of his request for an additional sixty days for his newly appointed counsel to review the record. In reviewing a request for a continuance, our standard of review is as follows:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

*Commonwealth v. Norton*, ___ A.3d ___, 2016 PA Super 163 (Pa. Super. filed July 22, 2016) (quoting *Commonwealth v. Brooks,* 628 Pa. 524, 104 A.3d 466, 529–30 (2014)).

Specifically, Appellant claims the PCRA court erred in denying his request for a continuance as newly appointed counsel was only given twenty

days to respond to the PCRA court's notice of intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907. Appellant suggests that he was denied the right to counsel on collateral review. We disagree.

This Court has previously held that:

> "a bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." **Commonwealth v. Ross**, 57 A.3d 85, 91 (Pa.Super. 2012) (citing **Commonwealth v. Ah Thank Lee**, [] 566 A.2d 1205, 1206 ([Pa.Super.] 1989)). "An appellant must be able to show specifically in what manner he was unable to prepare for his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice." **Id**. (quoting **Commonwealth v. Brown**, [] 505 A.2d 295, 298 ([Pa. Super.] 1986)).

**Commonwealth v. Antidormi**, 84 A.3d 736, 745–46 (Pa. Super. 2014), appeal denied, 626 Pa. 681, 95 A.3d 275 (2014). In **Antidormi**, this Court denied the defendant's request for a continuance to allow his newly retained counsel time to prepare for his trial. Even though Antidormi's counsel had been retained three days before trial was set to begin, this Court noted that the only reason counsel requested a continuance was that he was recently retained. This Court found Antidormi had not shown he was prejudiced by the denial of his request for a continuance as neither Antidormi nor his counsel explained how counsel would have prepared differently had he been given more time. **Id**. at 746.

In the same manner, the sole reason that Appellant's counsel requested a continuance in this case as the fact that he was newly

appointed. Counsel waited to file the request until three days before Appellant's response to the PCRA court's Rule 907 notice was due. Appellant has not shown prejudice as he baldly asserted that counsel had insufficient time to prepare and did not include any assertions on how counsel could have prepared differently if given additional time. We also note that Appellant had been represented by previous counsel who assisted Appellant in filing two amended PCRA petitions, which were thoroughly reviewed and discussed by the PCRA court in its October 2, 2015 opinion. Accordingly, we conclude that the PCRA court did not abuse its discretion in denying Appellant's motion for a continuance.

In his second issue, Appellant asserts that the PCRA court improperly failed to rule on Appellant's response/objection to the notice of intent to dismiss. Initially, we note that besides this one-sentence allegation, Appellant does not explain why he believes the PCRA court failed to make a ruling. This issue is waived by Appellant's lack of development of the claim. *Commonwealth v. Woodard*, 129 A.3d 480, 509 (Pa. 2015) (holding that "[w]here an appellate brief fails to ... develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him").

Moreover, the trial court did rule on Appellant's request for additional time in its October 21, 2015 order which also denied Appellant's petition with all his amendments. As Atty. Kroboth had alternatively asked to withdraw if his requested extension was not granted, the PCRA court resolved this

- 6 -

request by granting Atty. Kroboth's motion to withdraw in the October 21, 2015 order. As such, this claim is meritless.

For the foregoing reasons, we find the PCRA court did not err in denying Appellant his requested relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2016