J-S26045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS D. BROOKING | : | |
| | : | |
| Appellant | : | No. 3172 EDA 2017 |

Appeal from the PCRA Order August 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012983-2013

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 03, 2018**

While present in open court on another case, and with full knowledge of a looming Rule 907 dismissal date in Appellant's PCRA matter, present counsel accepted an appointment as replacement counsel to represent Appellant in filing a response to both prior counsel's ***Turner/Finley*** letter and the court's notice of dismissal.  Counsel never filed a response, however, but only a motion for continuance, which the PCRA court denied.

The learned majority reasons that replacement PCRA counsel was entitled to a continuance because it was his first request and he filed it prior to the announced dismissal date. The majority cites no case law that a first request for a continuance is automatic. Indeed, such a policy completely eviscerates the discretion of the trial judge, who is familiar with the facts and circumstances of the individual case.

_____

\*   Former Justice specially assigned to the Superior Court.

I respectfully disagree with the majority, as our standard of review requires a greater showing from counsel that there was an abuse of discretion by the lower court before we may upset its denial of a motion to continue:

> "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." **Commonwealth v. Boxley**, 596 Pa. 620, 948 A.2d 742, 746 (2008) (citing **Commonwealth v. Randolph**, 582 Pa. 576, 873 A.2d 1277, 1281 (2005)). "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record[.]" **Id.** (internal quotation marks omitted). Moreover, "[a] bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." **Commonwealth v. Ross**, 57 A.3d 85, 91 (Pa.Super. 2012) (citing **Commonwealth v. Ah Thank Lee**, 389 Pa.Super. 201, 566 A.2d 1205, 1206 (1989)). "An appellant must be able to show specifically in what manner he was unable to prepare for his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice." **Id.** (quoting **Commonwealth v. Brown**, 351 Pa.Super. 119, 505 A.2d 295, 298 (1986)).

**Commonwealth v. Antidormi**, 84 A.3d 736, 745–46 (Pa.Super. 2014). In effect, the majority is usurping the role of the PCRA judge and enabling counsel's failure to act in a timely manner.

Counsel claims the PCRA court gave him inadequate time to prepare a response to Attorney Baraldi's no-merit letter and the court's Rule 907 Notice. He fails, however, to plead and prove with any specificity that there was a reasonable probability a continuance would have enabled him to present a case of ineffective assistance of prior counsel occurring at earlier stages of

Appellant's case. Instead, he relies on mere supposition to conclude that a meritorious case of ineffectiveness simply depended on the allowance of more time to prepare.

Given this Court's prior determination that Appellant's guilty plea was constitutionally sound, more is needed from counsel than a statement devoid of any explanation of what was necessary to avoid Rule 907 dismissal. Indeed, counsel fails to demonstrate why he needed more time than the seven weeks the court gave him after he chose to accept the appointment on July 13, 2017, in open court, knowing there was a pending Rule 907 notice and an ultimate dismissal date of August 24.

The record in the present matter is not particularly large, nor is there any indication the matter involves complexities atypical of a guilty plea to third-degree murder, followed by a direct appeal. Ultimately, Appellant's underlying claim states that guilty plea counsel should be brought to an evidentiary hearing and asked about the advice he gave to Appellant on the day of his plea. Seven weeks is ample time for PCRA counsel to have prepared an argument in support of such a claim and submitted it for the PCRA court's consideration.

Counsel is presumed to have known the state of his caseload and whether he was in a position to accept appointment to the present case, which was already at a critical stage. Yet, counsel inexplicably allowed one month to pass before asking the court for a continuance, knowing less than two weeks remained before the Rule 907 dismissal date.

Under such facts, and without any specific explanation from counsel as to why more time was necessary to prepare an argument against dismissal, I find no error with the court's decision to deny counsel's motion to continue. Accordingly, I would affirm.