J-S37013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANNON DUKES | : | |
| | : | |
| Appellant | : | No. 1917 EDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013075-2014

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 15, 2022**

Shannon Dukes appeals from the order entered in the Philadelphia County Court of Common Pleas on May 15, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, without a hearing. After remand, and pursuant to our directive, PCRA counsel has filed a petition to withdraw as counsel, along with an **Anders**[1] brief in which he concludes there are no non-frivolous issues to raise on appeal.[2] For the reasons discussed below, we find the PCRA court properly

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] We note that PCRA counsel mistakenly labeled his brief an **Anders** brief. **Anders** applies only when counsel seeks to withdraw from representation on
*(Footnote Continued Next Page)*

denied Dukes relief and affirm. We further grant counsel permission to withdraw.

On November 16, 2015, following a jury trial, Dukes was found guilty of robbery, possession of an instrument of crime, and three violations of the Uniform Firearms Act, stemming from an attempted robbery in North Philadelphia.

On May 9, 2016, the trial court sentenced Dukes to an aggregate term of seventeen to thirty-four years' incarceration. We affirmed Dukes' judgment of sentence on direct appeal. *See Commonwealth v. Shannon Dukes*, 1785 EDA 2016 (Pa. Super., filed March 27, 2018) (unpublished memorandum). Dukes did not seek further review with the Pennsylvania Supreme Court.

On September 17, 2018, Dukes filed a *pro se* PCRA petition, claiming trial counsel was ineffective for waiving his right to be present at two pretrial hearings. PCRA counsel was appointed, but did not file an amended petition. Instead, on April 17, 2019, counsel filed a *Finley* no-merit letter, along with

_____

direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as here, *Turner* and *Finley* apply. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)). On its own, counsel's mistake is not fatal to his application to withdraw, though, as we have held that "because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Id*. (citation omitted). Therefore, our practice in these situations is to accept counsel's *Anders* brief and evaluate whether it substantially satisfies *Turner/Finley* criteria. *See id*. at 819.

a petition to withdraw as counsel. Counsel stated in the no-merit letter that the petition was untimely filed, Dukes failed to invoke an exception to the PCRA time-bar, and the issues raised in the petition were without merit. On the same date, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, based on counsel's *Finley* letter, and its own conclusion that the issues raised in the petition were without merit.

On May 20, 2019, the PCRA court entered an order dismissing Dukes's PCRA petition, stating the issues raised in the petition were without merit, and the petition was untimely filed without pleading an exception to the PCRA time-bar.[3] On June 5, 2019, this timely *pro se* appeal followed.[4]

---

[3] The PCRA court fails to acknowledge an error in its order dismissing the petition. In its opinion on appeal, the PCRA court states "PCRA counsel's *Finley* letter incorrectly opines that appellant's PCRA petition was untimely filed." PCRA Court Opinion, 9/29/20, at 2. However, as stated above, the PCRA court itself relied on this incorrect assertion in its order dismissing the PCRA petition. We agree with the court's opinion on appeal: the petition was not untimely. Dukes' judgment of sentence became final on April 27, 2018, 30 days after this Court affirmed his judgment of sentence. Therefore, Dukes had until April 27, 2019, to timely file a PCRA petition in this matter. His petition - filed on September 17, 2018 - was well within the one-year timeframe allowed.

[4] Dukes was still represented by PCRA counsel when he filed the *pro se* notice of appeal. Generally, hybrid representation is forbidden under Pennsylvania law. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). Therefore, *pro se* documents filed with a court while the filer is represented by counsel are typically rejected as legal nullities. **See id**. However, *pro se* notices of appeal are an exception to this general rule. **See id**. at 624. Accordingly, Dukes' *pro se* notice of appeal was appropriately filed and procured our jurisdiction over his appeal.

For reasons that are unclear from the record, well over a year then passed without any action taken on Dukes's appeal. On September 29, 2020, the PCRA court filed its opinion pursuant to Pa.R.Crim.P. 1925(b).[5]

On November 6, 2020, with his appeal still pending, Dukes filed a *pro se* motion with our Court, asking "for permission to file an explanation as to why his pending appeal should not be quashed." In the filing, Dukes stated that counsel would not file an appellate brief on his behalf because she believed the PCRA court had removed her as counsel. However, Dukes explained that based on a letter sent from our prothonotary on October 26, 2020, to Dukes, she was still shown as counsel of record on the appeal docket sheet. This filing was forwarded to counsel pursuant to Pa.R.A.P. 3304. **See Commonwealth v. Jette**, 23 A.3d 1032, 1041 (Pa. 2011) ("[O]ur rules of appellate procedure provide that whenever a defendant is represented by an attorney and the defendant files a *pro se* motion with the court, the filing will not be docketed and will be forwarded to counsel for his consideration.").

_____

[5] We note there are numerous irregularities in the PCRA court's opinion. First, the court states a hearing was held on the PCRA petition on May 15, 2019, that was attended by PCRA counsel. There is no record evidence of a hearing on this date, and it appears undisputed from the record that the petition was dismissed without a hearing. Next, the PCRA court states it granted counsel leave to withdraw. Again, the certified record does not contain any order granting the motion to withdraw. Finally, as noted above, the court fails to acknowledge its own error in the order dismissing the petition as untimely filed.

Interestingly, counsel neither sought withdrawal in this Court or filed a brief for Dukes.

On December 7, 2020, finding counsel had failed to file a brief on Dukes's behalf, we remanded to the PCRA court for 30 days to determine whether counsel had abandoned Dukes or for counsel to take further action as required to protect Dukes' right to appeal. On April 21, 2021, the PCRA court appointed new counsel.[6] After multiple continuances, current PCRA counsel filed an *Anders* brief with this Court.

While we found counsel substantially complied with the briefing requirements of *Turner/Finley*, we discovered counsel failed to file a contemporaneous application to withdraw from representation and therefore there was no evidence that he had advised Dukes of his rights going forward. Accordingly, we directed counsel to either file an advocate's brief or a petition to withdraw that met the requirements pursuant to *Turner/Finley*.

Counsel has since filed an application to withdraw as counsel and an accompanying *Anders* brief. Before any substantive analysis, we must again examine whether current PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Where, as here, counsel for a PCRA appellant files an *Anders* brief and an application to withdraw, we first examine whether

---

[6] Despite this new appointment of counsel, there was no record evidence that prior PCRA counsel was ever formally relieved of her duties by the PCRA court. To clear up any inconsistencies in the record, we granted former PCRA counsel leave to withdraw in our previous memorandum.

counsel's brief substantially complies with *Turner/Finley* standards. A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Substantial compliance with these requirements is sufficient.

…

Next, PCRA counsel must send a copy of her brief to the PCRA appellant, along with a copy of her petition to withdraw, and inform him of his right to proceed *pro se* or to retain new counsel. In conjunction with counsel's request to withdraw, it is important to inform the PCRA appellant of his right to proceed *pro se* and raise additional points for our review before this Court examines counsel's request to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel, there is an exception if appellate counsel has filed a *Turner/Finley* brief, because that filing signifies that the PCRA appellant is effectively without counsel. Where an appellant has not been apprised of his right to proceed *pro se* following the filing of a *Turner/Finley* brief, the notice is defective.

*Commonwealth v. Gordon*, 237 A.3d 492 (Pa. Super. 2020) (citations omitted).

We find counsel has filed a proper application to withdraw as counsel and substantially complied with the requirements of *Turner*, *Finley*, and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006).[7] Dukes has not

---

[7] Of note, while we find counsel has "substantially complied" with the *Turner/Finley* requirements, we find counsel's poorly drafted letter to Dukes advising him of his rights somewhat troubling, especially considering this is counsel's second attempt at a compliant withdrawal. Counsel states in his letter to Dukes that he has filed a brief "stating I do not believe in my legal opinion your case lacks merit." Motion to Withdraw, filed 2/4/2022, at Exhibits. Taken literally, this would indicate to Dukes that his case does in fact have merit. However, since counsel contemporaneously supplied Dukes with
*(Footnote Continued Next Page)*

- 6 -

filed a response as of this date. We therefore turn to our own independent review of the record to determine if we agree with counsel's conclusion that Dukes's PCRA petition was meritless.

All of Dukes's claims raised allegations of ineffectiveness of counsel. As such, he was required to plead and prove:

> ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if an appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 321-

---

his *Anders* brief, which would clarify that he believes Dukes's issues have no merit, we do not find this unfortunate wording is fatal to his application to withdraw. We do caution counsel to be more careful in the future. Further, while the brief letter does inform Dukes that he has an immediate right to proceed *pro se* or with privately retained counsel, the letter makes no mention of any reasons for finding his claims without merit, nor informs Dukes that he may raise additional issues on his own. While neither is explicitly required by our caselaw, we find counsel has simply done the bare minimum in order for us to proceed with our review.

22 (Pa. 2007) (citation omitted). Thus, we may deny any ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Id*. at 321 (citation omitted).

In his *pro se* PCRA petition, Dukes first claims trial counsel was ineffective for waiving his right to be present at a suppression hearing.[8] The suppression hearing was held on the morning of November 10, 2015, prior to trial starting later that day. It is clear from a review of the record that Dukes was in fact present at the suppression hearing, evidenced by the following exchange:

> [DISTRICT ATTORNEY]: And do you see one of the other two males that you had stopped before today?
>
> [WITNESS]: Yes, I do. He's wearing the blue shirt.
>
> [DISTRICT ATTORNEY]: Identification of the defendant, Shannon Dukes, at the bar of the Court for the record.

N.T., Motion Hearing, 11/10/2015, at 11. Therefore, his underlying claim lacks arguable merit. Further, even if Dukes had been absent from the suppression hearing, he failed to present any support for how he was prejudiced by his alleged absence from the hearing. Accordingly, Dukes's first issue is without merit.

---

[8] In his statement of the first issue, Dukes incorrectly indicates the suppression hearing was held on February 11, 2015. The record shows that while the suppression motion itself was filed on February 11, 2015, the suppression hearing was not held until November 2015. In his explanation of the issue, Dukes corrects the original error, and states that the suppression hearing was actually held on November 10, 2015.

Next, Dukes argues trial counsel was ineffective for waiving his right to be present at a prior bad acts motion hearing held on June 8, 2015. The record shows that counsel did waive Dukes's right to be present at this hearing. *See* N.T., Motion Volume 1, 6/8/2015, at 4.

> Article I, § 9 of the Pennsylvania Constitution and Pennsylvania Rule of Criminal Procedure 602 guarantee the right of an accused to be present in the courtroom at every stage of a criminal trial. Such right, however, is not absolute. A defendant has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. Accordingly, the defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Commonwealth v. Tharp*, 101 A.3d 736, 762 (Pa. 2014) (citations and internal quotation marks omitted). Further,

> It is widely recognized that a defendant's presence during all stages of the trial does not extend to purely procedural matters preparatory to the trial, particularly where no prejudice has been shown. Additionally, courts generally hold that [a] defendant's presence is required when testimony of witnesses is received, but under certain circumstances when matters of law are being argued before the court, such as preliminary pre-trial motions which do not affect substantial rights of the defendant, defendant's attendance is not required.

*Commonwealth v. McLaurin*, 437 A.2d 440, 443 (Pa. Super. 1981) (citations omitted).

Here, Dukes failed to present any support for how he was prejudiced by his absence from the prior bad acts motion hearing. Importantly, no witnesses testified at the hearing. The hearing consisted solely of legal argument by counsel for both sides. Further, the record shows that the Commonwealth's

motion to admit prior bad acts evidence was denied. Therefore, Dukes can not show he was prejudiced by his absence as his counsel prevailed in arguing the motion should be denied. Accordingly, Dukes's second issue is also without merit.

Finally, Dukes claims his original PCRA counsel was ineffective for failing to send him a copy of counsel's *Finley* no-merit letter, preventing him from preserving issues for appeal.

Prior PCRA counsel's *Finley* letter states that Dukes was being forwarded a copy of the letter contemporaneously with its filing with the PCRA court. Further, the *Finley* letter included an attachment containing counsel's letter written to Dukes which was appropriately addressed to his prison address.

Even if we assume, *arguendo*, that Dukes somehow did not initially receive the *Finley* letter, Dukes received the PCRA court's Rule 907 notice which referenced the *Finley* letter, and there is no indication in the record of any attempt by Dukes to request a copy of the *Finley* letter after receiving the Rule 907 notice.

Finally, Dukes has identified no issues that were not raised in his PCRA petition. The PCRA court addressed all of the issues in Dukes's petition in its opinion. **See** PCRA Court Opinion, 9/29/2020, at 4-7. Similarly, we have reviewed all of those issues in the context of counsel's petition to withdraw and found them meritless. Under these circumstances, Dukes has failed to

show he was prejudiced by any failure of original PCRA counsel to send him a copy of counsel's *Finley* letter.

For the reasons set forth above, we conclude that Dukes is entitled to no relief. The record supports the PCRA court's determinations, and we agree with counsel that Dukes's claims lack merit. Moreover, having conducted an independent review of the record in light of the petition to withdraw, we agree that the PCRA petition is meritless.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Dukes's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2022